ETHEL M. BIGGS, widow, J. R. HALL, *et ux.*, v. M. A. SMITH, as Liquidator for Bradford County Bank.

184 So. 106.
Division B.
Opinion Filed October 14, 1938.
Rehearing Denied November 9, 1938.

570

*Marcus F. Brown* and *Whitaker, Whitaker & Terrell,* for Appellants;

*Knight & Knight,* for Appellee.

PER CURIAM.—This case is here on an appeal from a final decree dated October 15, 1937, deciding the equities of the cause were with the plaintiffs below, and entered by the Circuit Court of Bradford County, Florida. On March 31, 1937, plaintiff filed in the Circuit Court of Bradford County, Florida, an amended bill of complaint for the purpose of foreclosing a mortgage on lands therein described situated in Bradford County, Florida. The bill is in usual form, except allegations to the effect that the Bradford County Bank became insolvent and on June 27, 1930, and Joseph E. Wilson was appointed liquidator and became disqualified

when M. A. Smith, on February 9, 1933, was appointed successor liquidator, which appointment was duly confirmed. The mortgage sought to be foreclosed was dated April 24, 1925, and on May 30, 1925, recorded in Mortgage Book 3 on page 426 *et seq.* of the public records appearing in the office of the Clerk of the Circuit Court of Bradford County, Florida. The mortgage by appropriate allegations is made a part of the bill to foreclose and is identified as plaintiff's Exhibit "B."

It is admitted by counsel for the respective parties that the mortgage sought to be foreclosed had and contained, where the mortgage was recorded, in Mortgage Book 3 at page 426, appearing in the Clerk's office of Bradford County, Florida, the following notation: "This mortgage having been paid in full I hereby cancel the same of record. Bradford County Bank by J. H. Ritch, Cashier. Attest G. W. Alderman, Clerk, by E. A. Knight, Deputy Clerk. This July 26th, A. D. 1926." An answer containing appropriate allegations set up as a defense to the foreclosure proceedings the writing appearing among the records of Bradford County, Florida, *supra.* The pleadings contain no further reference to the cancellation of the mortgage sought to be foreclosed than above stated. Ida Lee Roberts Biggs, one of the mortgagors, died and E. L. Biggs conveyed the mortgaged premises to Miss Ollie Marr by warranty deed dated October 6, 1931. The conveyance contained the following recital: "This deed is given subject to a mortgage held by the Bradford County Bank." Sometime after the execution of the aforesaid warranty deed, E. L. Biggs married and Miss Ollie Marr, on March 14, 1933, by quit claim deed conveyed the mortgaged premises to Ethel Melba Biggs, second wife of E. L. Biggs, one of the mortgagors. The record recites a judgment rendered against E. L. Biggs on May 10, 1934, in favor of M. A. Smith, Liquidator of

the Bradford County Bank, and a voluntary petition in bankruptcy filed in the Federal District Court on September 6, 1934, on the part of E. L. Biggs. It is not necessary to consider the judgment or the bankruptcy proceeding in deciding the case at bar. The record shows the death of E. L. Biggs, and on March 30, 1936, Ethel M. Biggs, his wife, was appointed administratrix of his estate, and after the death of the mortgagors, on December 9, 1936, the bill of complaint was filed. The case was referred to a Special Master with directions to take and report the testimony to the court. The question for decision here is: Does the entry of a marginal satisfaction by the owner of a real estate mortgage on the book and page where lawfully recorded in the office of the Clerk of the Circuit Court, as above shown, as a matter of law means a payment of the debt or a release of the mortgaged premises from the mortgage and a legal cancellation thereof?

It is not disputed that the mortgage was lawfully recorded and that it contained the marginal recital as above shown. Section 4858 C. G. L. makes it the duty of a clerk in a county to prepare the necessary record and to record deeds and mortgages and other agreements affecting the title to land. We have not been supplied with citations holding that a marginal recital affecting the payment or release or cancellation of a real estate mortgage could not be entered on the mortgage book where recorded by the owner of the mortgage, or its agent or reresentative. Section 5746 C. G. L. authorizes the entry on the margin of the record of a mortgage, after payment, in the presence of the custodian of such record, to be attested by said custodian, a satisfaction of said mortgage and the same shall be signed by the mortgage or some authorized person in behalf of the mortgagee. It cannot be questioned that the payment of a mortgage is a good defense to a foreclosure. When the mortgage has

been paid, Section 5746 C. G. L. authorizes the owner of the mortgage to satisfy the same by writing on the margin of the recorded mortgage in the presence of the custodian thereof and by signing the same and having same attested by the custodian. It does appear that when the owner of a mortgage complies with the above statute and satisfaction of record a mortgage, it is *prima facie* evidence of the payment of the debt, the cancellation of the mortgage of record and a discharge of the mortgaged premises from the mortgage lien.

Cancellation of a mortgage on the record is only *prima facie* evidence of discharge and the owner thereof may prove · that it was done by fraud, accident or mistake so that his rights under the mortgage will not be affected thereby. Jones on Mortgages (8th Ed.) Volume 2, par. 1270, page 770. While the intention of the parties should control, the cancellation of a mortgage and a discharge of record, unless effected through fraud, accident or mistake, is usually considered to be an absolute bar and extinguishment of the mortgage. See 19 R. C. L. par. 223, page 439; Errett v. Wheeler, 109 Minn. 157, 123 N. W. 4141, 16 L. R. A. (N S.) 816; Fisher v. Levy, 180 La. 195, 156 So. 220, 94 A. L. R. 1297; and note; Garwood v. Elridge, 2 N. J. Eq. 145; 41 C. J. par. 997, page 826; McLeod v. Seifert, 112 Fla 341, 150 So. 588.

Plaintiff offered in evidence the note and mortgage and the amount of an attorney's fee, and orders appointing a liquidator and successor liquidator, with evidence as to signatures of the mortgagors appearing on the note and mortgage; likewise, deeds from E. L. Biggs after the death of his first wife and a quit claim deed unto his second wife, with a special recital in the warranty deed as to the mortgage being foreclosed; also an abstract of title covering the mortgaged premises and a ledger entry of the item before

the court by the defunct bank. The earliest record according to the ledger is several months after the satisfaction was entered of record, viz.: July 26, 1926. Other witnesses appeared for the plaintiff below, but there was no evidence as to fraud, accident or mistake on the part of officers of the Bradford County Bank in satisfying of record the mortgage involved in this suit. Death had sealed the lips of the original mortgagors and ten years had elapsed prior to filing the bill to foreclose. It does not appear that the plaintiff, has overcome the *prima facie* case of payment as made by the defendant. We have not overlooked the decisions of this Court to the effect that an appellate court should not reverse the conclusions and findings of fact as made by a Chancellor unless it has been made to appear that such findings were clearly orroneous. See Helland v. Evans, 113 Fla. 839, 152 So. 623. The duty is on this Court to see that substantial justice and right shall prevail as contemplated by Section 4 of the Declaration of Rights of the Constitution of Florida. We think the decree appealed from should be reversed for further proceedings in the lower court not inconsistent with this opinion. It is so ordered

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.