WHITE, JOSEPH S., Associate Judge.
The wife appeals from a final decree of divorce wherein the trial court granted .the *119 divorce to the defendant-husband upon his counterclaim, awarded the wife permanent alimony and, in addition, made provision for payment by the husband of the wife’s future medical expenses.
The wife now complains that the trial court should not have granted the divorce to the husband, did not give her enough alimony and should have found the wife entitled to “special equities” in the properties owned by the husband.
The trial in the lower court was prolonged and drawn out. The record brought here shows approximately six hundred pages of testimony. Many conflicts upon important issues are found in the testimony. The rule is' that such conflicts are to be reconciled by the trial judge and not in this court. As is frequently the case in such matters neither party was free from fault. Serious charges were made, one against the other. By granting the divorce to the husband the trial judge found the husband less at fault than the wife, and we are unable to say that the record does not contain substantial evidence supporting such a finding.
Neither are we able to say that the able trier of the facts abused his discretion upon the record presented to him in arriving at the sum to be allowed the wife as permanent alimony and for his manner in providing, in addition, for payment of future medical expenses of the wife.
We do, however, find ouselves in disagreement with the trial court’s failure to restore to the wife a proper part of the stock which she was entitled to receive when property in which she had a vested interest was transferred to the corporation.
The record shows that the husband and certain members of his family owned valuable lands upon which they operated a mobile home park. The title to a one-third undivided interest in a part of the land stood in the name of the husband alone and to another part in the names of the husband and wife as an estate by the entirety. During the years 1960 and 1962, when the sea of matrimony was blessed with calmer waters, the lands were conveyed for the sake of convenience to the corporations. The wife joined in the deeds but received nothing in the transaction. The husband, as consideration for the transfer, received thirty-three shares of stock in each corporation. The final decree of divorce leaves the husband with all of the corporate stock, whereas the wife has only the award of alimony, which will terminate in the event she survives her husband, since alimony cannot be made a charge upon an ex-husband’s estate. See Aldrich v. Aldrich, Fla.1964, 163 So.2d 276.
Ordinarily, upon divorce, the wife becomes owner of an undivided one-half interest, as tenant in common with the husband, in lands formerly owned by them as an estate by the entirety. Thus in this case if the transfer had not taken place the wife, upon the divorce, would have remained owner of an undivided one-half interest in the lands which she and her husband owned jointly. The position of the wife was materially changed by the transfer. The corporation became sole owner of the land, and her husband became sole owner of the corporate stock given in exchange for the land. He received the consideration. She received nothing notwithstanding that the wife’s interest in the land was equal to that of the husband. According to the record the wife was entitled to a part of the stock proportionate to her former undivided one-half interest in the jointly owned land. Equity treats that as done which should have been done. Accordingly, the husband now holds that part of the stock in trust for her.
It is important to remember in this connection that the transfer was made for convenience and to accommodate the expanding business operation in which the husband was then a co-partner so that it could be carried on more advantageously.
*120 The trial judge was not given a basis for arriving at an accurate appraisal of an appropriate share of the stock to replace what would have been the wife’s share of the land. Nor does the record now before this court reveal data upon which the computation can be made here. It is the duty of this court under the provisions of Statute 59.34 “to see that substantial justice and right shall prevail as contemplated by Section 4 of the Declaration of Rights' of the Constitution of Florida.” Briggs v. Smith, 1938, 134 Fla. 569, 574, 184 So. 106, 108. See also, 2 Fla.Jur., Appeals, § 379. Accordingly, we remand the cause with directions to take further testimony on the point.
We affirm the lower court in all respects except as noted in our disagreement explained above. That part of the final decree allowing the wife no interest in the corporate stock is reversed with directions to the lower court to proceed as it may be advised to fix an award to the wife of a fair and equitable share of the corporate stock so received by the husband. Such share is to be ascertained and fixed by the value reflected in the corporate stock at the time of making the award of an undivided one-half interest in the lands formerly owned by the parties as an estate by the entirety.
We do not mean to exclude from consideration by the trial judge the right to require the husband to pay the wife for her interest in such stock, rather than require transfer thereof in kind. See Turk v. Turk, Fla.App.1960, 118 So.2d 67.
This may warrant a review of the wife’s prayer for permanent alimony, costs and attorney fees in the light of her changed circumstance's. Accordingly, the lower court is authorized to receive further testimony and review her prayer in this regard and to make such change or modification thereof, if any, as shall be appropriate.
Affirmed, in part, and reversed, in part, with directions.
CROSS, J., concurs.
WALDEN, C. J., dissents, with opinion.