### FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF LAKE COUNTY v. JARVIS, et al.

No. 3140.

Circuit Court, Lake County.

January 13, 1971.

Charles P. B. Sellar, Leesburg, for the plaintiff.

Arthur E. Roberts, Groveland, administrator ad litem for estate of R. E. Thomas, deceased.

W. TROY HALL, Jr., Circuit Judge.

*Final judgment of foreclosure:* This case was commenced by a complaint to foreclose a certain mortgage filed by First Federal Savings and Loan Association of Lake County through its counsel,

Charles B. P. Sellar; on motion of the plaintiff, Arthur E. Roberts was appointed administrator ad litem to represent the estate of R. E. Thomas, deceased, and in due course such administrator ad litem filed his answer to plaintiff's complaint admitting the existence of the mortgage sought to be foreclosed by the plaintiff, but denying that it was a first mortgage and affirmatively declaring that a certain mortgage given by the defendants Jarvis et ux to R. E. Thomas, now deceased, was in fact a first mortgage and superior to plaintiff's mortgage, and praying for the foreclosure of such Thomas mortgage; defendants, Tom B. Jarvis and Thelma Jarvis, his wife, suffered a default judgment to be entered against them for their failure to file an appearance within the time provided after personal service; the matter came on for final hearing and plaintiff presented the testimony of Mr. Ernest Miller, an officer of First Federal Savings and Loan Association of Lake County, and thereupon rested; the administrator ad litem then moved for a directed verdict and the court took such motion under advisement and in due course denied such motion; upon resumption of the final hearing the administrator ad litem presented the testimony of Mr. Tom Jarvis and rested; thereupon this matter was argued by respective counsel and then taken under advisement until a full transcript could be prepared of the record; and the court now being fully advised in the matter, finds —

1. That a certain mortgage was given by Tom B. Jarvis and Thelma Jarvis, his wife, to plaintiff and recorded on May 29, 1958, in OR book 50, page 144, public records of Lake County.

2. That a certain mortgage was given by Tom B. Jarvis and Thelma Jarvis, his wife, to R. E. Thomas and such mortgage was recorded on May 11, 1960, in OR book 124, page 7, public records of Lake County; that such Thomas mortgage purported to be a lien upon the same property described in the plaintiff's mortgage in paragraph 1 hereinabove.

3. That Tom B. Jarvis and Thelma Jarvis, his wife, gave a mortgage to plaintiff recorded on August 2, 1963, in OR book 241, page 963, public records of Lake County; that such mortgage purported to be a lien upon the same real property described in the instruments set out in paragraphs 1 and 2 above.

4. That by an instrument recorded on August 2, 1963, in OR book 241, page 966, public records of Lake County, plaintiff satisfied of record that mortgage described in paragraph 1 hereinabove.

5. That the public records of Lake County indicate that the Thomas mortgage described in paragraph 2 hereinabove is a first

lien upon the property described therein, and that the mortgage of plaintiff described in paragraph 3 above is second and inferior to the said mortgage of the defendant, estate of R. E. Thomas, deceased, described in paragraph 2 above.

6. That, by virtue of the testimony of defendant, Tom B. Jarvis, the sum of $3,300 in principal, together with interest thereon at the rate of 6 per cent per annum from May 5, 1960, until the present time is due defendant, estate of R. E. Thomas, deceased.

7. That, by virtue of the testimony of Ernest Miller, an officer of plaintiff, the sum of $13,661.12, together with interest at the rate of 6 per cent per annum from June 13, 1969, is due on the plaintiff's mortgage.

8. That the property which is the subject of all mortgages described hereinabove, to wit —

> Lot 19, Block 107, Indian Hills, a subdivision in the City of Clermont, Florida,

should be sold at foreclosure sale in a manner prescribed by applicable law and the proceeds distributed in the following manner, to wit —

a. Sale fee of clerk of the court.

b. Fee of administrator ad litem.

c. Principal and interest due on R. E. Thomas mortgage note and mortgage.

d. Costs advanced by plaintiff.

e. Fee of plaintiff's attorney.

f. Principal and interest due on plaintiff's mortgage note and mortgage.

g. Balance, if any, to be paid into the registry of the court to await this court's further order.

9. That the administrator ad litem and the attorney for the plaintiff herein are each entitled to a reasonable fee for their services rendered to their respective clients herein.

The court determines that the law applicable in this case is clear and well settled. The more than 30 year old case of Biggs v. Smith, 184 So. 106 (Florida, 1938), holds unequivocally that when the owner of a mortgage satisfies such instrument of record in the manner prescribed by statute, such cancellation is prima facie evidence of the payment of the debt and a discharge of the mortgage lien. Such case goes further and states that such cancellation

of record can be overcome only if it was done by fraud, accident or mistake. In the case at bar, no testimony of any nature was taken relative to any fraud, accident or mistake and the duly recorded satisfaction must be taken at face value.

The case of Boley v. Daniel, 72 So. 644 (Florida, 1916), holds that when a first mortgage lien existing against real estate is satisfied, the lien of a second mortgage thereon becomes at once, by operation of law, a first lien on the property; and this first lien and the right to enforce it as such, are vested rights. Here, the lien of R. E. Thomas has become a first lien by virtue of the record cancellation of the plaintiff's theretofore superior lien.

Thereupon, the court does order and adjudge as follows —

a. That due and legal service of process has been had upon the defendants in this cause and this court has jurisdiction of the parties and subject matter of this case; that the default judgments heretofore taken against the defendants, Tom B. Jarvis and Thelma Jarvis, his wife, are hereby confirmed.

b. That the mortgage held against the subject property by R. E. Thomas (now estate of R. E. Thomas, deceased) is hereby declared a first lien against the property described therein; that the mortgage held by First Federal Savings and Loan Association of Lake County, a corporation, against the same property is a valid mortgage lien but is second and inferior to the R. E. Thomas estate mortgage.

c. That a reasonable fee for the services rendered by the administrator ad litem, Arthur E. Roberts, in this cause world be the sum of $1,000, and the court finds this to be a reasonable fee to be allowed for the services of such administrator ad litem, and declares such sum due and owing.

d. That a reasonable fee for the services rendered by the attorney for the plaintiff is the sum of $1,000, and the court finds this to be a reasonable attorney's fee to be allowed for the services of plaintiff's attorney, and declares such sum due and owing.

e. That there is due the defendant, estate of R. E. Thomas, deceased, upon the mortgage note and mortgage sued upon the following —

| | |
|---|---|
| Principal and interest due on the mortgage note and mortgage to date hereof | $6,142.00 |
| Administrator ad litem's fee | 1,000.00 |
| Total due | $7,142.00 |

f. That there is due and owing to the plaintiff upon the mortgage note and mortgage sued upon the following sums —

Principal and interest due on the mortgage
note and mortgage to date hereof .....................$14,958.92
Costs of suit ...................................................... 121.44
Attorney's fee ...................................................... 1,000.00

Total due .........................................................$16,080.36

g. That defendant, estate of R. E. Thomas, deceased, has a lien to secure payment of the above itemized sums against the following described property in Lake County, Florida, to wit —

Lot 19, Block 107, Indian Hills, a subdivision of the
City of Clermont, Florida,

and the lien of such defendant is prior, paramount, and superior to all rights, claims, liens, interests, encumbrances, and equities of all other parties, persons, firms, or corporations claiming by, through, or under the claim of any person whomsoever, and the property will be sold free and clear of any claims of all other parties whomsoever.

h. That the Plaintiff, First Federal Savings and Loan Association of Lake County, a corporation, has a second lien against the aforedescribed premises inferior only to the lien of the said R. E. Thomas estate lien, and said plaintiff will be entitled to all sums required to pay the sums set forth in paragraph f hereinabove insofar as payment can be made from the proceeds of the foreclosure sale, after all payments are made to the defendant, estate of R. E. Thomas, deceased, as set forth in paragraph e hereinabove.

i. The clerk of this court, after publication of notices required by chapter 702 of the Florida Statutes, is hereby directed to sell the mortgage property described hereinabove to the highest and best bidder for cash at public sale at the north door of the Lake County Courthouse in Tavares, Florida, free, clear, and discharged of any and all claims, liens, encumbrances, rights, equities and interest of all parties other than those set out hereinabove the sale to be held at 11 A.M. on the 29th day of January, 1971, all as provided by chapter 702 of the Florida Statutes.

j. That out of the proceeds arising from the sale of the property by this judgment ordered to be sold, the clerk shall retain his fee and shall pay to the administrator ad litem the fee allowed by this judgment and out of the remainder of the proceeds as far as they shall apply there shall be paid to defendant, estate of R. E. Thomas, deceased, the sum above provided, and if the property shall sell for

more than enough to pay the defendant, estate of R. E. Thomas's interest above set out, the balance shall be applied toward the amounts due plaintiff as set out in paragraph f hereinabove; and should any overage be available after the payment of said amounts to the plaintiff, the clerk shall report the surplus of this fund for the court's further order.

k. All parties hereto may bid at the sale herein ordered, and if the defendant, estate of R. E. Thomas, deceased, or the plaintiff are the successful bidders, they shall be entitled to credit on their bid up to the full amount due under this judgment.

l. That upon the sale being held in accordance with chapter 702 of the Florida Statutes, and upon the clerk filing the certificate of sale and certificate of title as provided by said chapter 702, the sale shall stand confirmed and the defendants, Tom B. Jarvis and Thelma Jarvis, his wife, and all persons claiming by, through, or under them shall be forever barred and foreclosed of any equity or right in and to the abovedescribed property, and the purchaser at the sale or the purchasers, their heirs, representatives, sucessors, or assigns without delay shall be let into possession of the premises so conveyed.

m. That this court retains jurisdiction of this cause for the purpose of making such further orders as may be necessary and proper.