ANSTEAD, Judge.
This appeal by the appellant is from a final summary judgment in favor of the defendant-appellees in a personal injury action.
The appellees filed a motion for summary judgment predicated on the affirmative defense of release asserted by virtue of the appellant’s execution of a general release when she settled her claims against other tortfeasors. That release, in addition to releasing the named tortfeasors, purported to release all other persons who might be liable to appellant. In reply to the affirmative defense, the appellant claimed that such release did not affect her claim against the appellees. Appellant filed an affidavit by her counsel which related in essence that the portion of the release which discharged all other persons had been included therein by mutual mistake and that the appellant was entitled to a reformation of the release to exclude such language. The appellant also filed a separate lawsuit for reformation against the tortfeasors involved in the prior settlement.
In Ayr v. Chance, 372 So.2d 1000 (Fla. 4th DCA 1979) this court reversed a trial court’s entry of summary judgment under very similar circumstances. We believe that the same result is mandated herein. Although *402 the reply of the appellant was not as well drawn as it might have been in seeking to avoid the effect of the release on the grounds of mutual mistake, there was no challenge to the technical sufficiency of the reply on that ground; and the subsequent filing of the affidavit by appellant’s counsel clearly presented the claim of mutual mistake. In addition, the trial court had entered an order after the previous settlement dismissing the settling tortfeasors from the suit but specifically providing that the appellant’s claim against the appellees would continue despite the settlement. Because there was an issue as to the validity of the release as to appellees, we believe the trial court erred in entering summary judgment.[1]
Accordingly, the summary final judgment is hereby reversed with directions for further proceedings consistent herewith.
DOWNEY, C. J., and MOORE, J., concur.

. Also see the recent Supreme Court decision of Hurt v. Leatherby Insurance Co., 380 So.2d 432 (1980).