385 So.2d 1024 (1980)
George Kelsey WOODWORTH, Appellant/Cross-Appellee,
v.
Mary Louise WOODWORTH, Appellee/Cross-Appellant.
No. 79-365.
District Court of Appeal of Florida, Fourth District.
May 21, 1980.
Rehearing Denied August 5, 1980.
*1025 Linda F. Albritton of Haines & Rossow, P.A., North Palm Beach, for appellant/cross-appellee.
James P. O'Flarity of Law Offices of James P. O'Flarity, Palm Beach, for appellee/cross-appellant.
GLICKSTEIN, Judge.
Appellant timely appeals from a final judgment denying modification of a "Separation Agreement and Property Settlement Agreement," and from a post-judgment order awarding appellee costs and attorney's fees. Appellee cross-appeals from the introduction into evidence of appellee's answers to interrogatories filed when appellant initiated his first petition for modification in the same case as the original divorce proceeding. We affirm in part, reverse in part and remand.

I
The first issue is whether, as a matter of law, the above agreement is subject to modification within the rule of Hyotlaine v. Hyotlaine, 356 So.2d 1319, 1320 (Fla. 4th DCA 1978):
In reference to the payments, if they are for support, maintenance or alimony, either party may apply for a judgment decreasing or increasing the amount provided for in the agreement. Section 61.14, Florida Statutes (1975). On the other hand, if the payments are part of a true property settlement agreement they are not subject to modification. Salomon v. Salomon, 196 So.2d 111 (Fla. 1967). [We find paragraph 8 to be, at least in part, an agreement for the payment of alimony. We reach this conclusion based upon a reading of the entire agreement, but we particularly note the introductory language which recites that "property rights of the parties as well as questions of alimony payment have been placed in issue by both parties" and that "the parties desire to settle all questions regarding property rights, support and maintenance and other rights and obligations growing out of the marriage relation."]
The introductory language to the agreement recites:
WHEREAS, the parties hereto desire to enter into this agreement for the purpose of settling forever their mutual and respective property rights and the rights, obligations and duties of one to the other; and
WHEREAS, in view of the irreconcilable differences between them, the parties hereto desire to reduce their separation agreement to writing and do desire to provide for the maintenance and support of the wife, as well as for the division and disposition of their property and property rights. (Emphasis added).
Paragraph 12 of the agreement provides:
12. That the husband does hereby covenant and agree to pay unto the said wife as alimony for her total support and maintenance the sum of Three Hundred Dollars ($300.00) per month, said payments *1026 to be made on the first of each and every month hereafter, commencing on the first day of June, 1967, with a payment in like amount each and every month thereafter until the death of the husband or the wife, or until the parties hereto shall become divorced and the wife remarried, whichever shall first occur. Upon the death of the husband or wife, all liability for payments hereunder shall cease. (Emphasis added).
From the wording of its final judgment, the trial court apparently concluded paragraph 12 was not subject to modification. The trial court denied the petition for modification and specifically found "the agreement was entered into by both parties being well informed and agreeable to the contents of the agreement"; that there were "no inequities of consideration existing between the parties at the time the agreement was entered into"; "and to now allow the petitioner to rearrange the agreement to reduce his obligations would be unjust." The parties' briefs reflect a similar interpretation.
In resolving the issue, we recognize that our obligation is to determine the intention of the parties. This is accomplished by examining the plain language of the agreement, its surrounding circumstances, and the parties' apparent purpose. Underwood v. Underwood, 64 So.2d 281 (Fla. 1953); Coffin v. Coffin, 368 So.2d 105 (Fla. 4th DCA 1979). Furthermore, as the court stated in Bergman v. Bergman, 145 Fla. 10, 199 So. 920, 921 (1940):
... [T]he separation agreement must be given a realistic interpretation based on its plain everyday meaning as conveyed by its terms unless the context unmistakably shows that the parties intended that it be given some peculiar or covert interpretation not readily apparent on its face.
While the use of the terms "alimony," "support" and "maintenance" are not conclusive, they are certainly indicia of the intent of the parties. Paras v. Paras, 262 So.2d 203 (Fla. 4th DCA 1972). The circumstances surrounding paragraph 12 of the agreement are consistent with alimony, since payments were to terminate on the death of either the husband or the wife, or upon the wife's remarriage, whichever occurred first. See In re Estate of Freeland, 182 So.2d 425 (Fla. 1965); Evans v. Evans, 212 So.2d 107 (Fla. 4th DCA 1968); Hoke v. Hoke, 202 So.2d 118 (Fla. 4th DCA 1967).
In the paragraphs of the subject agreement addressing property rights, appellee relinquished her interest in real property held as tenants by the entirety in North Palm Beach and Memphis, as well as the parties' joint savings accounts. Appellant relinquished his interest in jointly owned real property in Kensington, Maryland, the parties' joint checking accounts, and furniture, and agreed to give appellee $800 in cash.
This is a classic case of an agreement containing a combination of provisions. The agreement provides for future support and maintenance subject to modification by the trial court. It also divides the parties' property and disposes of their property rights without being subject to modification.
Therefore, the leading cases holding that property settlement agreements are not subject to modification are factually distinguishable. The agreement in Vance v. Vance, 143 Fla. 513, 197 So. 128 (1940), contained no provision for termination on the wife's remarriage, and the payments of $100 per month for six years, together with other benefits, were in lieu of the wife's right to participate in her husband's property. In Underwood v. Underwood, supra, the payments for the wife's support continued, notwithstanding her remarriage or her husband's death. Payments to the wife in Salomon v. Salomon, 196 So.2d 111 (Fla. 1967), continued so long as she lived on and maintained the homestead. In Howell v. Howell, 164 So.2d 231 (Fla. 2d DCA 1964), cert. denied, 169 So.2d 389 (Fla. 1964), payments to the wife continued regardless of her earnings or income, after the wife had relinquished her property interest in a business.
*1027 Accordingly, we conclude paragraph 12 was subject to modification, and reverse and remand.

II
The second issue is whether on remand the trial court must, as a matter of law, grant appellant's petition for modification as to paragraph 12.
Appellant, at time of trial, was fifty-six years old and a Commander in the Naval Dental Corps. When he entered into the subject agreement in 1967, he was earning approximately $13,000 per year; his gross earnings in 1977 had risen to $37,404 per year.
Appellee, at time of trial, was fifty-four, a college graduate, and earning $16,942 per year. At the time she executed the subject agreement her annual income was $4,545. Because appellee did not testify at the final hearing, the record reflects no circumstances other than the substantial increase. On remand it will be incumbent upon the trial court to determine if such change in the wife's income is sufficient to require modification under all of the circumstances.

III
Paragraph 3 of the parties' agreement provides:
3. The husband covenants and agrees to maintain policies of insurance upon his life as follows: Ten Thousand Dollars ($10,000.00) for the benefit of the wife, and Ten Thousand Dollars ($10,000.00) for the benefit of each child, provided, however, that the policy for the benefit of the wife shall be maintained only so long as the wife is living and not remarried and the policies for the benefit of each child shall be maintained for five (5) years from the date hereof. With regard to said life insurance policies, the husband agrees that
(A) He will pay all premiums on the aforesaid policies of insurance when the same become due and payable and he shall maintain them in full force and effect;
(B) He shall exhibit to the wife on reasonable notice proof of payment of the aforesaid premiums;
(C) He shall not at any time change the beneficiaries on said policies of insurance, and he shall do nothing to alter the method of payment of the proceeds thereof, and shall do nothing to alter the method of payment of the premiums thereon;
(D) He shall not borrow on or otherwise encumber the aforesaid policies of insurance.
The issue is whether paragraph 3 is alimony and therefore subject to modification, or whether it is part of the disposition of the parties' property rights.
It is true that appellant's obligation terminates on the death or remarriage of appellee, which is characteristic of alimony. However, nowhere does the paragraph recite that the insurance protection is additional alimony, support, or maintenance. We are of the opinion, in the absence of such expression, that the parties intended this provision to be a property right acquired as a part of the property settlement. Gilbert v. Gilbert, 312 So.2d 511 (Fla. 3d DCA 1975); Sheffield v. Sheffield, 310 So.2d 410 (Fla. 3d DCA 1975); Fowler v. Fowler, 112 So.2d 411 (Fla. 1st DCA 1959).

IV
The fourth issue is whether the trial court erred in awarding appellee attorney's fees of $1,800.00. We conclude that the award was error under the rationale of Patterson v. Patterson, 348 So.2d 592, 596 (Fla. 1st DCA 1977):
... To support an award of attorney's fees, the prevailing party must establish that the fee is reasonable, that the requesting party is unable to pay the fee, and that the opposing party is able to pay. 10A Fla.Jur., "Dissolution of Marriage, etc.", Sections 225, 229. See also Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977). It is not, of course, necessary that the requesting party, in order to establish inability to pay, be proven destitute ... (Emphasis added).
*1028 In this case there was no evidence of appellee's inability to pay her attorney's fee. Accordingly, we reverse and remand for further proceedings upon the issue of financial ability to pay attorneys' fees.

V
The final issue is whether the trial court erred in permitting the introduction of appellee's answers to interrogatories filed by appellee when appellant initiated his first petition for modification in the original dissolution proceeding. These answers introduced at the final hearing evidenced appellee's substantially increased income in 1978 in contrast to what it had been in 1968.
Appellee contends that the present proceeding was instituted as a new, separate action and given a new file number at its commencement. She further contends that while Florida Rule of Civil Procedure 1.330(a)(5) permits the use of depositions in subsequent action between the parties, there is no corresponding provision for interrogatories in Florida Rule of Civil Procedure 1.340. It is appellant's contention that the signed and sworn answers of appellee act as an admission to her financial circumstances and income since the judgment dissolving the marriage.
As noted in Ehrhardt, Florida Evidence § 803.18 (1977): "Admissions by a party-opponent have historically been admissible as substantive evidence." See also, Hunt v. Seaboard Coast Line Railroad Company, 327 So.2d 193, 195 (Fla. 1976). We are of the opinion that the answers to interrogatories were admissible at final hearing as admissions by a party-opponent, and affirm the trial court's ruling.
AFFIRMED in part, REVERSED in part, and REMANDED.
DOWNEY, C.J., and ANSTEAD, J., concur.