443 So.2d 417 (1984)
Gladys M. WITTER, Appellant,
v.
Donald R. WITTER, Jr., Appellee.
No. 83-759.
District Court of Appeal of Florida, Second District.
January 4, 1984.
*418 Elihu H. Berman of Krug, Berman & Silverman, and Leon Whitehurst, Jr., Clearwater, for appellant.
Charles F. Mixon of Mixon & Vollrath, Tampa, for appellee.
RYDER, Judge.
Gladys Witter seeks review of a post-dissolution of marriage order granting Donald Witter, Jr.'s motion to dismiss her petition for modification of alimony. In this appeal, the former wife contends the trial court erred in ruling that (1) "the parties intended the separation and property settlement agreement to be a permanent resolution of their rights with each other," and (2) "there has been valuable property rights exchanged between the parties and the payment of periodic alimony is only a part thereof with the other exchanges of rights."
Upon close examination of the entire agreement, which was incorporated into the final judgment of dissolution of marriage, and after a review of the applicable case law, we hold the learned trial judge erred in finding the document was clearly a "true and complete property settlement agreement" and in determining he did not have jurisdiction to modify the alimony provision. We find the facts of Woodworth v. Woodworth, 385 So.2d 1024 (Fla. 4th DCA 1980), to be very similar to the facts of the present case and further find its analysis and holding to be supportive of our conclusion. Moreover, in addition to the determinative factors mentioned in Woodworth, we note that the agreement in the case sub judice does not specifically state the alimony provision is part of an exchange of true property rights nor does the agreement, including the clause concerning the intention of the parties, specifically state the alimony provision is final and unmodifiable.
Consequently, the conclusion of the Fourth District in Woodworth is appropriate here:
This is a classic case of an agreement containing a combination of provisions. The agreement provides for future support and maintenance subject to modification by the trial court. It also divides the parties' property and disposes of the property rights without being subject to modification.[1]
385 So.2d at 1026.
Accordingly, we reverse, vacate the order granting the motion to dismiss, remand the cause, and direct the trial court to exercise its jurisdiction with respect to the petition and conduct further proceedings *419 consistent with the dictates of section 61.14, Florida Statutes (1981).[2]
REVERSED and REMANDED with instructions.
HOBSON, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Although not specifically raised by the parties on appeal, we note that the provision requiring Mr. Witter to maintain a life insurance policy with Mrs. Witter as the beneficiary is part of a true property settlement and, therefore, is unmodifiable E.g., Woodworth, 385 So.2d at 1027.
[2] We do not express an opinion as to whether the periodic alimony provision was intended by the parties at the time of execution of the agreement to be rehabilitative alimony or permanent periodic alimony limited for a specific number of years. Such a determination, if necessary to the resolution of the issues presented by the petition, should be made by the trial court on remand.