556 So.2d 1121 (1989)
Beth Ann KUHNKE, Appellant,
v.
Robert C. KUHNKE, Appellee.
No. 89-721.
District Court of Appeal of Florida, Third District.
September 26, 1989.
Roberta S. Fine, Key West, for appellant.
John E. Bigler, Jr., Key West, for appellee.
Before BASKIN, LEVY and GERSTEN, JJ.
BASKIN, Judge.
Beth Ann Kuhnke appeals the trial court's denial of her motion to modify the terms of a property settlement agreement incorporated in the March 4, 1988 Final Judgment of Dissolution of Marriage. Under the terms of the property settlement agreement, the wife had thirty days from the date of the agreement to purchase the husband's interest in the marital home. If the wife did not exercise her option, the husband had an option to purchase the wife's interest. If neither option was exercised, the home was to be sold. Unfortunately, the wife's physical disability rendered her unemployable and thus, unable to qualify for financing. Consequently, she could not exercise her option. In June, the wife filed a motion requesting the court to modify the final judgment and grant her exclusive possession of the marital home as an incident of child support. Her motion alleged material changes in the parties' financial circumstances. The trial court denied the motion. We affirm.
The issue on appeal is whether the agreement pertaining to the sale of the marital home created property rights not subject to modification or, as appellant asserts, provided additional child support and may be modified. In determining whether a property settlement agreement creates vested property rights in the parties, the court considers the intentions of the parties as evidenced by the plain language of their agreement, the surrounding circumstances, and the purpose of the agreement. Underwood v. Underwood, 64 So.2d 281 (Fla. 1953); Woodworth v. Woodworth, 385 So.2d 1024 (Fla. 4th DCA), review denied, 392 So.2d 1381 (Fla. 1980).
The Kuhnke agreement sets out with specificity and clarity the arrangements between the parties with regard to their separation, support for the wife, custody of the children, support for the children, and division of the marital property. The provisions pertaining to the purchase and sale of the marital home are separated from the sections relating to support and custody and contain no language that could lead to an inference that they relate to the support or maintenance of the children. The Kuhnke agreement is distinguishable from cases where modification was allowed because the partitioning of the marital *1122 home was viewed as an incident of child support. For example, in Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982), the agreement gave the wife the right to reside in the marital home with the son until 1981, at which time it would be sold. The court found that the provision was an aspect of child support and determined that the wife should be given an opportunity to amend her petition to state a claim for modification. Cannon v. Morris, 407 So.2d 372 (Fla. 1st DCA 1981), granted the wife exclusive use and possession of the marital home, recognizing it as an incident of child custody, ending when the children placed in the wife's custody reached majority, married, died, or became self-supporting. The Kuhnke agreement concerning the home contains no conditions which could give rise to an inference that it was intended as an incident of child custody or support. The agreement adjusts the property rights of the parties, and is properly classified as a property settlement agreement.
Property settlement agreements should be upheld unless fraud, duress, deceit, coercion, or overreaching is alleged and proved. Underwood; Miller v. Miller, 149 Fla. 722, 7 So.2d 9 (1942); Farkas v. Farkas, 426 So.2d 1213 (Fla. 4th DCA 1983); Zakoor v. Zakoor, 240 So.2d 193 (Fla. 4th DCA 1970). No such allegations were presented to the trial court. Appellant's claim for modification relies exclusively on the changed circumstances of the parties. Although changed circumstances may support a modification of child support, Coffin v. Coffin, 368 So.2d 105 (Fla. 4th DCA 1979); see also § 61.14, Fla. Stat. (1975), they do not justify modification of a property settlement agreement. This court has ruled in accordance with existing law. In Forte v. Forte, 478 So.2d 460 (Fla. 3d DCA 1985), review denied, 488 So.2d 830 (Fla. 1986), we held that a portion of a separation agreement and final judgment of dissolution granting the wife the option to purchase the marital home conferred a vested property right which was not subject to modification. Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948); Neal v. Neal, 403 So.2d 621 (Fla. 5th DCA 1981), review denied, 412 So.2d 467 (Fla. 1982). Applying that principle here, we conclude that the Kuhnke agreement property provisions confer vested property rights rather than child custody or support. In the absence of allegations of fraud or duress, the agreement is not subject to modification. We therefore affirm the trial court's denial of the motion to modify.
Affirmed.