THREADGILL, Judge.
The Federal Deposit Insurance Corporation (FDIC), plaintiff below, appeals summary judgment for the defendants/appel-lees in a foreclosure action, contending that the court erred in concluding that a lien release filed in the public record extinguished the debt owed upon. We find that an issue of material fact concerning the validity of the lien release and precluding summary judgment was presented to the trial court, and therefore we reverse.
The appellant brought this suit on the balance due on two notes and for foreclosure on a piece of property allegedly securing both notes. The appellees, Anthony and Josephine Valente and Bafa Corporation, answered with the affirmative defense of satisfaction of indebtedness, relying on the satisfaction clause in a lien release which was filed by FDIC in the public records to release for sale certain *764 other property securing the notes. This form release contained a clause stating that the debt the property secured had been extinguished.
The FDIC replied to this affirmative defense with the defense of mutual mistake of fact, mistake of law or scrivener’s error and requested reformation of the clause in the lien release that purports to acknowledge full payment. The appellees then moved for summary judgment on the grounds that the cancellation of the mortgage and a cancellation of a note, recorded in the public records, is an absolute bar and extinguishment of the note and mortgage. The motion was supported by the affidavit of Janet Valente, who asserted that the parties agreed the indebtedness was intended to be extinguished.
The FDIC presented affidavits of FDIC personnel in opposition to the motion, supporting its claim that the debt was not intended to be satisfied by the lien release. The FDIC also submitted copies of its correspondence with Janet Yalente and evidence that the FDIC retained both of the instruments sued upon.
Although recordation of a release in the public record may be prima facie evidence of the discharge of the debt, the contesting party may prove fraud, accident or mistake so that his rights will not be adversely affected. See Biggs v. Smith, 134 Fla. 569, 184 So. 106, 107 (Fla.1938). Because a document that has been filed in the public records is still susceptible of reformation, a satisfaction recorded in the public record is not conclusive where the court is presented with the issue of the validity of the satisfaction. See Bagnasco v. Smith, 382 So.2d 401 (Fla. 4th DCA 1980). We find that this issue was adequately presented, and that summary judgment was thus improper.
Reversed and remanded.
LEHAN, A.C.J., and PATTERSON, J., concur.