604 So.2d 946 (1992)
Samuel Duane DRAPER, Jr., Appellant,
v.
Kathleen Dearmas DRAPER, Appellee.
No. 91-03438.
District Court of Appeal of Florida, Second District.
September 25, 1992.
*947 Stevan T. Northcutt, of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellant.
No appearance by appellee.
CAMPBELL, Judge.
Appellant, former husband, Samuel Duane Draper, Jr., seeks review of the order that denied his petition to modify the alimony provisions contained in the final judgment of dissolution of marriage. Those provisions had been set forth in a marital settlement agreement that was incorporated into the final judgment. In ruling on the motion to modify, the trial judge concluded that the marital settlement agreement was a nonmodifiable property settlement and, accordingly, denied appellant's petition. We reverse.
A pure marital property settlement agreement in which the parties each relinquish valuable property rights in return for receiving other rights, including the right to receive periodic payments, is generally held to be nonmodifiable where the parties, by their division of the property, clearly evince an intent that the settlement be a final division of their property. Hughes v. Hughes, 553 So.2d 197 (Fla. 2d DCA 1989).
The agreement here is not such an agreement as it, by its very terms, contemplates a possible modification of the alimony payments due from appellant to appellee. In the first place, the agreement deals separately with the division of marital assets and provisions for the support of the wife and children. But, more importantly, certain specific provisions of the agreement clearly indicate the modifiable nature of the alimony provisions. Section 6.0 of the agreement is titled, "Permanent Alimony." The last sentence of section 6.0 states: "Wife's full-time employment shall not be a basis for a reduction in alimony payments." Since that sentence specifies only that wife's full-time employment would not be a basis for modification of alimony, it necessarily implies that other circumstances could be a basis for modification. Subparagraph 17.4 of the agreement provides as follows: "Each party is informed of the laws of Florida concerning the power of the courts under certain conditions to modify the terms of this Agreement, particularly with reference to matters of custody and support." Alimony is referred to in paragraphs 6.0 and 6.2 as "support."
Finally, paragraph 19.0 of the agreement is titled, "Modification or Revocation" and provides as follows:
The provisions of this Agreement shall not be modified by the parties except in writing and such writing and the parties' signatures on such writing shall be witnessed and notarized. This Agreement supersedes any prior understandings or agreements made by the parties on the subjects covered by this Agreement. The parties understand and agree that any attempt to modify this Agreement orally or by conduct shall be ineffective. Reconciliation shall not be effective to either modify or to revoke this Agreement. This Agreement shall remain binding and in full force and effect in spite of reconciliation, unless the parties expressly provide otherwise in writing as required by this paragraph.
(Emphasis supplied.)
Clearly, the parties recognized and agreed that the agreement was subject to modification under certain circumstances.
The order denying appellant's petition to modify the final judgment on the basis that the agreement between the parties was nonmodifiable is reversed. This cause is remanded for further proceedings consistent herewith.
DANAHY, A.C.J., and ALTENBERND, J., concur.