707 So.2d 358 (1998)
Allison Allen RAY, Appellant,
v.
Willie Joe RAY, Jr., Appellee.
No. 96-04755.
District Court of Appeal of Florida, Second District.
February 13, 1998.
Rehearing Denied March 19, 1998.
*359 W. Thomas Wadley of Yanchuck, Berman, Kasaris & Kavouklis, P.A., St. Petersburg, for Appellant.
R. Ray Brooks of R. Ray Brooks, P.A., Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Allison Allen Ray appeals an order modifying the final judgment of dissolution of marriage from her former husband, Willie Joe Ray, Jr. We affirm the order with two modifications. First, the termination date for Mr. Ray's obligation to provide support and insurance benefits must be March 29, 1995 the date he filed this actionrather than January 31, 1993. Second, the forgiveness of Mr. Ray's obligation to pay back a personal loan to Mrs. Ray must be stricken. The loan was a portion of a property settlement agreement, and Mr. Ray did not establish a basis to modify this provision.
Following a fourteen-year marriage, Mr. and Mrs. Ray divorced in 1991. Only Mrs. Ray was represented by counsel in the dissolution proceeding. The final judgment incorporated a "property settlement agreement," prepared by Mrs. Ray's attorney, which was not a "pure" property settlement agreement but rather a marital settlement agreement that resolved a broad range of issues, including both property and support issues, between the parties. See Draper v. Draper, 604 So.2d 946 (Fla. 2d DCA 1992), Brisco v. Brisco, 355 So.2d 506 (Fla. 2d DCA 1978), Ohmes v. Ohmes, 200 So.2d 849 (Fla. 2d DCA 1967). It required Mr. Ray to sell or refinance the family's home and then make a lump sum payment to Mrs. Ray, which roughly equaled the expected equity in the home. The agreement provided that Mr. Ray would make a good faith effort to refinance the home if the house did not sell by January 31, 1992. Until the house sold or was refinanced, Mr. Ray agreed to pay Mrs. Ray a "salary," provide certain insurance benefits, and allow her to live in the home. It is undisputed that Mrs. Ray did not earn this "salary" in any customary sense. Instead, the payments were in the nature of alimony and should be categorized as support. *360 Additionally, under the agreement Mr. Ray made nominal rehabilitative alimony payments for two years.
The house could not be sold at its anticipated price, and as of 1995 was still on the market at a reduced price. Because of his financial condition, Mr. Ray could not obtain refinancing. The agreement contained no provision to conclude this dissolution if the house could not be sold or refinanced. Thus, Mr. Ray filed an action on March 29, 1995, to determine the proper way to resolve this impasse. The action was initially filed as an action for declaratory relief, but ultimately was transferred to the family law division. On November 25, 1996, the trial court entered an order terminating Mr. Ray's obligation to pay Mrs. Ray's support as of January 31, 1993. In addition, the order declared that Mr. Ray's obligation to pay Mrs. Ray $75,000 upon the sale or refinancing of the property remained, but that Mr. Ray would receive credit against the $75,000 for payments made to Mrs. Ray after January 31, 1993. Finally, the order specified that Mr. Ray's obligation to pay Mrs. Ray for personal loans as reflected in the settlement agreement was terminated.
This is not an easy case, in large part because the agreement is not well-crafted. It is a classic example of an agreement containing a combination of property settlement provisions and support provisions. See, e.g., Woodworth v. Woodworth, 385 So.2d 1024 (Fla. 4th DCA 1980). The agreement did not contain a specific date for the support payments to end in the event the house could not be sold or refinanced. The trial court concluded that it could insert a reasonable date to end the support payments, and decided the reasonable date would be January 31, 1993. This date was one year after the date on which Mr. Ray was required to begin efforts to refinance the house. It also coincided with the end of the stipulated rehabilitative alimony payments.
We agree that the trial court was authorized to insert a reasonable date to end the support and insurance payments. A property settlement agreement which makes provisions for periodic alimony is separable and modifiable insofar as the support portion of the agreement is concerned. See Petty v. Petty, 548 So.2d 793, 795 (Fla. 1st DCA 1989). We do not, however, agree that the trial court could select the date it chose.
Mr. Ray initiated this action to terminate the support obligation on March 29, 1995. Although described as an action for declaratory relief, Mr. Ray's claim, for all practical purposes, is a claim to modify alimony. A trial court has the discretion to modify alimony effective as of the date of the petition for modification or subsequent thereto, but it cannot modify alimony that was due prior to the filing of the petition. See McArthur v. McArthur, 106 So.2d 73 (Fla.1958); Brisco v. Brisco, 355 So.2d 506, 508 (Fla. 2d DCA 1978); Kennedy v. Kennedy, 464 So.2d 1289, 1291 (Fla. 1st DCA 1985). Because Mr. Ray did not file his "petition for modification" until March 29, 1995, the trial court could not modify any alimony due prior to that date. Thus, the trial court erred in terminating Mrs. Ray's support on January 31, 1993. We hold that March 29, 1995, is the proper date on which Mrs. Ray's support and insurance benefits should have ended.
Finally, we reinstate the obligation on the promissory note. In determining whether a property settlement agreement creates vested property rights in the parties, the court considers the purpose of the agreement, the surrounding circumstances, and the intentions of the parties as evidenced by the plain language of their agreement. See Kuhnke v. Kuhnke, 556 So.2d 1121 (Fla. 3d DCA 1989); Woodworth, 385 So.2d at 1024. In considering these factors, it is clear that Mr. Ray's obligation was a portion of the true property settlement agreement. A party seeking modification of a property settlement agreement must satisfy the heavy burden of showing that the settlement is the product of fraud, duress, misrepresentation, or overreaching, or that the settlement is unfair or unreasonable. See Work v. Provine, 632 So.2d 1119, 1121 (Fla. 1st DCA 1994). Mr. Ray did not meet this burden.
Affirmed as modified.
WHATLEY and NORTHCUTT, JJ., concur.