MONACO, J.
Denis Patrick Power (“Personal Representative”), who is the personal representative of the Estate of Niall Power, appeals a nonfinal order modifying a final judgment of dissolution of marriage between Mr. Power and his former wife, Caitlin Barry Power. We have jurisdiction pursuant to Rule 9.130(a)(4), Florida Rules of Appellate Procedure. Because we conclude that the trial court erroneously modified a vested interest of Mr. Power’s estate, we reverse.
When the trial court rendered a final judgment dissolving the marriage between Mr. and Ms. Power, it required that the marital residence be sold. The judgment, however, provided that Mr. Power was to have a “right of first refusal” with respect to purchasing the property, which he was required to exercise in writing within seven days of the entry of the final judgment. If he failed to exercise this right, Ms. Power was to have a seven day “right of second refusal.” The price for the residence was to be established in accordance with a procedure requiring each party to appoint an MAI appraiser.
Mr. Power properly exercised his right of first refusal by sending the written notice required by the judgment, and by obtaining an MAI appraisal. Unfortunately, Mr. Power died prior to the closing of the transaction. Probate proceedings were subsequently initiated, and the Personal Representative was appointed.
Ms. Power then filed a motion requesting the court to allow her to purchase the marital residence, because her former husband was deceased, and her brother owned the property next door. The Personal Representative objected and indicated that the right to purchase the property now belonged to Mr. Power’s estate, and that the estate fully intended to complete the purchase. The lower' tribunal found that Mr. Power had indeed exercised his right of first refusal in a timely fashion, but then awarded the right to purchase the property to Ms. Power without explaining his reasoning. The Personal Representative appeals.
A right of first refusal is a right to elect to take specified property at the same price and on the same terms and conditions as those contained in a good faith offer by a third person if the owner manifests a willingness to accept the offer. See Coastal Bay Golf Club, Inc. v. Holbein, 231 So.2d 854, 857 (Fla. 3d DCA 1970). That right is clearly an executory right. A right of first refusal “ripens into an option once an owner manifests a willingness to accept a good offer.” See Keys Lobster, Inc. v. Ocean Divers, Inc., 468 So.2d 360, 363 (Fla. 3d DCA), review denied, 480 So.2d 1295 (Fla.1985)(quoting Coastal Bay Golf, 231 So.2d at 857); Anderson v. Draddy, 458 So.2d 803, 804-05 (Fla. 4th DCA 1984), review denied, 467 So.2d 999 (Fla.1985). When there is an exercise of the option, a mutually binding and enforceable contract to purchase is created. Id.
Here, there was no third party seller, and accordingly, the right given initially to Mr. Power was not a true “right of first refusal,” as the term is used commonly. Rather, the judgment created an option. When Mr. Power indicated a willingness to buy the residence in the manner and under the conditions set by the court, he unquestionably exercised the option *525 granted to him in the final judgment, and an enforceable contract right resulted.
Once having concluded that Mr. Power obtained an enforceable contract right, we must now examine whether the trial court had the authority to modify the judgment upon which that right was based. In Kuhnke v. Kuhnke, 556 So.2d 1121 (Fla. 3d DCA 1989), the Third District considered whether a property settlement agreement that was incorporated by the trial court into a final judgment of dissolution of marriage, and which pertained to the sale of a marital home, created property rights that were not subject to modification. In that case the parties entered into an agreement essentially giving the husband and wife the same purchase options that were engrafted by the court into the final judgment in the present case. The Kuhnke court held that unless the agreement contained provisions that suggested that the purchase option was related to custody or support, or unless the agreement resulted from fraud, duress, deceit, coercion, or overreaching, it could not be modified by the trial court because the option had become a vested property right. See also Campbell v. Campbell, 615 So.2d 879 (Fla. 5th DCA 1993); Draper v. Draper, 604 So.2d 946 (Fla. 2d DCA 1992); Forte v. Forte, 478 So.2d 460 (Fla. 3d DCA 1985), review denied, 488 So.2d 830 (Fla.1986). Thus, in the case before us if the option granted by the final judgment (as opposed to a property settlement agreement), and exercised by Mr. Powers became a vested property right, the trial court could not modify it absent the conditions outlined in Kuhnke.
A “vested right” has been defined as “an immediate fixed right of present or future enjoyment ... an immediate right of present enjoyment, or a present, fixed right of future enjoyment.” City of Sanford v, McClelland, 121 Fla. 253, 163 So. 513, 514-15 (1935). Said somewhat differently, it is “an immediate right of present enjoyment, or a present fixed right of future enjoyment.” Clausell v. Hobart Corp., 515 So.2d 1275, 1276 (Fla.1987), cert. denied, 485 U.S. 1000, 108 S.Ct. 1459, 99 L.Ed.2d 690 (1988), (quoting In re Will of Martell, 457 So.2d 1064, 1067 (Fla. 2d DCA 1984)). Once exercised, the option to purchase contained in the final judgment quite clearly gave Mr. Power a fixed present right of future enjoyment. We see no reason to distinguish this right vested by the judgment from a right vested by a property settlement agreement that is incorporated into a judgment.
Because of the disposition we make of the issue concerning the option, we find no need to address the other issues raised by the parties.
REVERSED.
THOMPSON and PALMER, JJ., concur.