356 So.2d 1319 (1978)
Mary E. HYOTLAINE, Appellant,
v.
William K. HYOTLAINE, Appellee.
No. 76-2580.
District Court of Appeal of Florida, Fourth District.
April 4, 1978.
*1320 Charles H. Warwick, III, of Warwick, Campbell, Dickenson & Hewitt, Palm Beach, for appellant.
Richard B. Burk of Scott, Burk, Royce, Harris & Loucks, P.A., Palm Beach, for appellee.
ALDERMAN, Chief Judge.
In this dissolution of marriage case the wife appeals, contending that the trial court erred in finding that certain payments to her provided for in an agreement entered into by the parties and subsequently incorporated into the divorce judgment, were alimony and subject to modification. She further contends that, if the payments are alimony, the trial court erred in reducing the payments. She also argues that the trial court erred in reducing the amount of a security escrow required by the agreement. We find that the payments, at least in part, are alimony and as such are subject to modification. We hold that the trial court did not abuse its discretion in reducing the amount of the payments, but we conclude that the trial court did err in reducing the amount of the security escrow.
Section 8 of the agreement, entitled "Support of Wife," provides that the husband shall pay to the wife $32,000 a year, and that upon the death of the wife's mother the payments shall be reduced to $28,000 a year. At the time of the hearing the wife's mother was still living. The agreement further provides that in the event the wife remarries the payments are to be reduced to $10,000 a year. The trial court modified the final judgment by reducing the husband's payments from $32,000 to $24,000 a year, with the further provision that upon the death of the wife's mother the payments would be reduced to $20,000 a year.
In reference to the payments, if they are for support, maintenance or alimony, either party may apply for a judgment decreasing or increasing the amount provided for in the agreement. Section 61.14, Florida Statutes (1975). On the other hand, if the payments are part of a true property settlement agreement they are not subject to modification. Salomon v. Salomon, 196 So.2d 111 (Fla. 1967). We find paragraph 8 to be, at least in part, an agreement for the payment of alimony.[1] We reach this conclusion based upon a reading of the entire agreement, but we particularly note the introductory language which recites that "property rights of the parties as well as questions of alimony payment have been placed in issue by both parties" and that "the parties desire to settle all questions regarding property rights, support and maintenance and other rights and obligations *1321 growing out of the marriage relation." We also note that paragraph 8 provides: "all payments provided in this paragraph shall be taxable to the wife and deductible by the husband." Such tax treatment would be allowable only if the payments were alimony and not part of a property settlement agreement.
Having determined that the payments are subject to modification, we now turn to the wife's argument that the trial court abused its discretion in reducing the payments. Although the evidence was in conflict and would have supported a different conclusion, we cannot substitute our judgment for that of the trial court where, as in this case, there is competent substantial evidence to support the trial court's findings that the circumstances of the parties and the financial ability of the husband have substantially changed. We cannot say, under the facts of this case, that the trial court abused its discretion in decreasing the amount of the wife's alimony.
A different situation, however, is presented by the trial court's reduction of the security escrow. Under the terms of the agreement the husband was required to assign to an escrow agent collateral in the amount of $200,000. Income from this collateral is to be deposited in an interest bearing account from which payments to the wife are to be made in the event he defaults. He has the right to substitute collateral providing it is acceptable to her and of comparable value to the collateral released. In the event she predeceases him, the collateral in escrow, to the extent it is not required to satisfy any existing default on his part, is to be returned to him. But if he predeceases her, all the collateral in escrow becomes her property. In that event his estate is entitled to a credit for any amount she receives from escrow against any sums she may be entitled to receive from his estate. This is related to another provision of the agreement by which he agreed to make her the beneficiary of his estate, or in the event he remarries and remains married at the time of his death, to bequeath to her 50% of his estate.
We conclude that the escrow provision is more than just a security for the alimony payments. It is an integral part of a contract in which the husband agreed that the wife should have all of his estate, if at the time of his death he is unmarried, or if he remarries and remains married at his death to provide her with at least 50% of his estate. This contract between the parties is not subject to modification under the provisions of Section 61.14, and the trial court erred in ordering a reduction of the amount of the escrow.
AFFIRMED in part, REVERSED in part, and REMANDED.
LETTS and MOORE, JJ., concur.
NOTES
[1] In this appeal it is not necessary for us to decide whether the extra $4,000 a year that the husband agreed to pay until the death of the wife's mother and $10,000 a year that he agreed to pay in the event she remarried is alimony.