ORFINGER, Chief Judge.
We reverse the award of permanent alimony of $50.00 per month to the wife which the trial court granted on the stated ground that “the disparity of incomes in the long run would make that reasonable.” Need of the receiving spouse and the ability to pay of the paying spouse are still the primary elements to be considered when awarding permanent periodic alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). See also, Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983).
*414 The evidence reflects that the wife’s disposable income was roughly equivalent to that of the husband’s at the time of trial. It was suggested at oral argument that the “nominal” award may have represented the court’s attempt to reserve jurisdiction to make a future alimony award should circumstances warrant it, but if so, that intention does not appear in the record. The trial court has the power to reserve jurisdiction to make future alimony awards, but if that is intended, it should be clearly demonstrated in the final judgment. See Moore v. Moore, 401 So.2d 841 (Fla. 5th DCA 1981).
We have considered the cross appeal and find no merit to cross-appellant’s contention. Whether a reconciliation had been effected between the parties so as to abrogate an earlier separation agreement was a question of fact under the evidence presented, and the trial court’s conclusion that such reconciliation had taken place is supported by the evidence, and is thus affirmed.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings consistent herewith.
COBB and COWART, JJ., concur.