445 So.2d 1077 (1984)
Maurice Barry KARCH, Appellant,
v.
Roberta T. KARCH, Appellee.
No. 83-587.
District Court of Appeal of Florida, Third District.
February 21, 1984.
*1078 Lapidus & Stettin and Herbert Stettin, Miami, for appellant.
Frank, Strelkow & Gay and Michael A. Frank, North Bay Village, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
HENDRY, Judge.
The husband in this post-dissolution action appeals from the decision of the trial court, adopting the findings of the general master, which denied his petition for modification of alimony on the basis that the final judgment of dissolution incorporated a non-modifiable property settlement agreement. We affirm.
It is well settled that payments made as consideration for the relinquishment of a valuable property right cannot be modified, even if these payments are called "alimony." Wolfe v. Wolfe, 424 So.2d 32 (Fla.4th DCA 1982); Pujals v. Pujals, 414 So.2d 228, 229 n. 1 (Fla.3d DCA 1982); Lau v. Lau, 407 So.2d 927 (Fla.3d DCA 1981); Johnson v. Johnson, 403 So.2d 1388 (Fla.2d DCA 1981). Where an agreement purports to resolve the property rights of the parties, its provisions are to be interpreted in the same manner as any other contract. Farkas v. Farkas, 426 So.2d 1213 (Fla.4th DCA 1983). In the instant case the wife bargained away her interest in the husband's business in return for ownership of the marital home, money for a downpayment on a new car, and payments, called alimony, of $100 a week. She did not sell her interest in the business for a sum certain, cf. Friedman v. Friedman, 366 So.2d 820 (Fla.3d DCA), cert. denied, 376 So.2d 71 (Fla. 1979), neither has she taken the position that the agreement is modifiable, cf. Broudy v. Broudy, 423 So.2d 504 (Fla.3d DCA 1982), nor accepted modification in the past and now complains of such, cf. Singer v. Singer, 442 So.2d 1020 (Fla.3d DCA 1983) (1983). The only modification has been the child support portion of the agreement which, unlike property settlement agreements, is always subject to judicial modification whenever there is a change in the circumstances from the time of the award. Cannon v. Morris, 407 So.2d 372, 373 (Fla.1st DCA 1981). See also Cherna v. Cherna, 427 So.2d 395 (Fla. 4th DCA 1983); Wanstall v. Wanstall, 427 So.2d 353 (Fla. 5th DCA 1983). We find that this property settlement was a freely bargained exchange of valuable property rights, with both parties represented by counsel, and as such, is non-modifiable.
Affirmed.