448 So.2d 631 (1984)
Richard A. SHAW, Appellant,
v.
Barbara L. SHAW, Appellee.
No. 81-1176.
District Court of Appeal of Florida, Fourth District.
April 25, 1984.
James K. Pedley, Fort Lauderdale, for appellant.
John L. O'Brien, Boca Raton, for appellee.
HURLEY, Judge.
The former husband appeals from an order denying his petition for modification of "alimony" payments. The trial court found that the payments were due under a non-modifiable property settlement agreement. Alternatively, the trial court held that even if the agreement were legally subject to modification, the husband was not entitled to modification under section 61.14(1), Florida Statutes (1983), because he failed to make a sufficient showing of *632 changed financial circumstances. We find it unnecessary to review the sufficiency of the husband's evidence in support of modification because we agree that the property settlement agreement is non-modifiable. Therefore, we affirm.
Under the terms of the settlement agreement, the wife agreed to convey to the husband her interest in jointly held property and to relinquish claims against property in the husband's name. The husband, in turn, promised to convey to the wife his interest in various pieces of real estate, as well as a 1971 Cadillac automobile. The agreement further provides that "[t]he wife, for and in exchange of the conveyances to her by the husband as aforesaid, agrees to relinquish, release any claim for alimony or support over that specifically provided in Paragraph 2." Under paragraph 2, the husband promised to pay the wife a lump sum of $20,000.00 plus $1,600.00 per month until the wife dies or remarries. The monthly payments were to survive the death of the husband and be a claim against his estate under the specific terms of the contract.
The husband eventually sought modification of the term providing for monthly support payments, arguing that he had suffered a financial setback such that his assets decreased from a value of $547,710.05 at the time the agreement was executed, to a value of $367,633.00, of which no part are liquid; at the same time, the value of the wife's assets increased substantially. The wife counterclaimed for arrearages of support payments and specific performance of the agreement.
We think the trial court correctly denied the request for modification under section 61.14, Florida Statutes (1983), because the contract was a true property settlement agreement not subject to modification. See Salomon v. Salomon, 196 So.2d 111 (Fla. 1967). Support or alimony payments made as consideration for the relinquishment of valuable property rights cannot be modified. See Karch v. Karch, 445 So.2d 1077 (Fla. 3d DCA 1984); Mills v. Mills, 339 So.2d 681 (Fla. 1st DCA 1976); cf. Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1982); Pujals v. Pujals, 414 So.2d 228, 229 n. 1 (Fla. 3d DCA 1982); Brisco v. Brisco, 355 So.2d 506 (Fla. 2d DCA 1978). But see Hogshead v. Hogshead, 444 So.2d 74 (Fla. 5th DCA 1984). Here, the wife bargained away her interest in the husband's property as well as jointly held properties in return for ownership of various pieces of real estate, an automobile, and a lump sum of $20,000 plus support payments of $1,600 per month for life. The parties were clearly bargaining for the exchange of valuable property rights under this agreement, and its terms are therefore not subject to modification.
Accordingly, we affirm.
ANSTEAD, C.J., and WALDEN, J., concur.