PER CURIAM.
Finding that the payments provided for in the property settlement agreement incorporated in the final judgment of dissolution were alimony payments and that the property settlement agreement contained no expression of the parties’ intention to waive modification of alimony, we affirm. Witter v. Witter, 443 So.2d 417 (Fla. 2d DCA 1984); Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1982); Feldman v. Feldman, 317 So.2d 136 (Fla. 3d DCA 1975); see Boyd v. Boyd, 478 So.2d 356 (Fla. 3d DCA 1985); cf. Wilson v. Wilson, 485 So.2d 20 (Fla. 2d DCA 1986) (agreement requiring husband pay sum to wife whether or not wife remarries not agreement for payment of alimony but rather non-modifiable “pure property settlement agreement”); Bassett *57 v. Bassett, 464 So.2d 1203, 1210 (Fla. 3d DCA 1984) (on rehearing) (settlement agreement not modifiable where it contained unambiguous waiver of right to modify), review denied, 476 So.2d 672 (Fla.1985); Karch v. Karch, 445 So.2d 1077 (Fla. 3d DCA 1984) (payments as consideration for relinquishment of valuable property rights not modifiable).
Affirmed.