PER CURIAM.
The husband appeals and the wife cross-appeals from an order denying both parties’ petitions to modify a final judgment of dissolution.
The parties were married in 1954 and have two children, both now adults. The parties lived together for fifteen years and then separated in 1969. In May, 1973, the parties entered into a settlement agreement. The wife was given custody of the children and the husband agreed to pay her $600 per month child support and $600 per month alimony. The husband also agreed to provide hospital, dental and medical care for the wife and children and to provide the wife with a new car every three years. This agreement further provided that if the wife earned $3,000 or more per year, then the husband could petition for a modification; otherwise, the alimony was nonmodi-fiable. Two months later, a final judgment of dissolution was entered which approved the parties’ agreement and incorporated it by reference.
In July 1984, the wife moved to hold the husband in contempt for violating the final judgment. The wife claimed that the husband failed to pay alimony and medical expenses and failed to purchase new cars in 1979 and 1982. The husband then petitioned to modify the alimony, medical expenses and new car provisions of the final judgment. The husband based his petition for modification on the fact that the wife was now employed by the school board at an annual salary of $16,800, was covered by group health insurance and was capable of providing her own transportation. The wife filed an answer and counter-petitioned for an increase in alimony.
At the hearing on the two petitions, the husband admitted that he had the ability to pay alimony and stated that, just prior to the hearing, he had paid the alimony past due. The husband, however, argued that the wife no longer had any need for alimony and that it should be terminated. The wife, age fifty, is a guidance counselor and earns about $18,000 per year. The husband, an attorney, age fifty-five, has a gross annual income of about $200,000.
The trial court denied both petitions finding that the parties had experienced significant improvements as well as detrimental changes so that the net result was that the parties were in a somewhat similar position as they had occupied at the time of the dissolution. The court also found that the new car provision was in the nature of a service, that is, the husband was required to provide the wife with reasonably new reliable transportation. Since a service was being provided, the court found that it was impossible to assess damages or ar- *423 rearages and, to the extent the wife had elected not to enforce the provision, it could not be recaptured. Finally, the court found that the husband was in an obviously superior financial position and awarded the wife attorney’s fees.
We find no error as to the first three points raised by the husband and discuss only the point that the trial court erred in failing to rule on the husband’s petition for modification of the medical expenses provision.[1] We conclude that the court was correct in refusing to modify this provision.[2] While perhaps the wife has no need for medical expenses at this time because of her separate coverage, this may not always be the case. The husband clearly has the ability to meet this obligation, which he voluntarily undertook, should the need arise.
On the cross appeal, the wife contends that the trial court erred in denying her arrearages under the new car provision of the judgment.[3] The final judgment of dissolution entered in 1973 required the husband to purchase a new car every three years for the wife. This requirement was based on the parties’ settlement agreement which provided as follows:
8. The Husband shall purchase a new car every three years for the Wife. The Wife shall return to the Husband each such automobile at the conclusion of each such period of three years. The three year period shall be calculated from the date of purchase of the vehicle, and the first new vehicle shall be purchased within three years of the date of purchase of the vehicle which the Wife is now using. Provided always that upon the event of the remarriage of the Wife, this obligation shall terminate.
The husband purchased cars for the wife only in 1973 and 1976. The wife petitioned to hold the husband in contempt and to enforce this provision. The trial court declined to hold the husband in contempt on the following basis:
[Tjhat the new car provision in the Final Judgment is in the nature of a service which the Husband is required to provide for the Wife. That is, the Husband is required to provide the Wife with reasonably new, reliable transportation. Since a service is being provided, it would be virtually impossible to find an amount of arrearages, or to assess any dollar amount of damages. The Former Wife had the remedy of enforcement all along, and to the extent that she elected not to enforce this provision, it cannot be recaptured.
The court, however, did require the husband to resume compliance with the new car provision.
On appeal, the wife argues that she is entitled to arrearages, i.e., the fair market value of the new cars for 1979 and 1982, regardless of whether the provision is viewed as alimony or as a property settlement.
We agree that the provision is an alimony obligation. To determine the nature of an agreement relating to payments, the appellate courts must look to the parties’ intent by examining the language of the agreement, its surrounding circumstances and the parties’ apparent purpose. Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1983). Here neither the final judgment of dissolution nor the parties’ agreement la-belled the new car provision as either alimony or part of a property settlement. However, the agreement did provide that this obligation terminated upon remarriage. In addition, the husband deducted the value *424 of the cars as alimony on his federal tax returns, a deduction that was permissible only if the payments were alimony and not part of a property settlement. Wolfe, 424 So.2d at 34. In view of the language in the agreement and the parties’ treatment of the car payments, we conclude that the obligation is in fact alimony. See Wolfe.
The right of a wife to payment of alimony and child support in arrears is vested. While it is within the discretion of the court to refrain from holding the husband in contempt for non-payment, the wife is entitled to enforcement of the payments by legal process and by such equitable remedies as the trial court may determine to be appropriate or necessary. Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977); Feder v. Feder, 291 So.2d 641 (Fla. 3d DCA 1974).
However, we agree with the trial court that there is no practical way of determining the amount the wife was damaged because she had the use of a car somewhat older than the one to which she was entitled. The agreement provided that the wife would return the old car to the husband when a replacement was obtained so, in essence, the wife was only furnished with the use of a car. Thus the damage suffered by the wife was the difference in value of the use of a new car as opposed to an older one. This would be affected by how often and how far the automobile was driven and what repairs were encountered, all of which could not be determined without proof by the wife. This was not done.
AFFIRMED.
ORFINGER, UPCHURCH, and SHARP, JJ., concur.

. The husband argued that the trial court erred in denying his petition to terminate alimony and the new car provision and in awarding attorney’s fees.

. The denial of the petition was a ruling, rather than a failure to rule, as contended by the husband.

.As to the other point on cross-appeal, the failure of the court to increase alimony, the wife concedes that she cannot demonstrate an abuse of discretion.