GLICKSTEIN, Judge.
This is an appeal from an order entered by the trial court, prior to final hearing, determining that appellant did not have a right to modify rehabilitative alimony, either by moving for an extension or an increase, or by moving to convert the rehabilitative alimony to permanent alimony during the rehabilitative alimony period in that “the parties entered into the Agreement and are stuck by the Agreement.” We reverse and remand with direction that the trial court determine whether the former wife is entitled to an extension or increase of rehabilitative alimony, and revisit the question of the former wife’s right to conversion of the rehabilitative alimony to permanent alimony.
Our basic disagreement with the trial court arises from the fact that this case is actually stronger than Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1983), upon the issue of the right to seek modification. There, the term “alimony” was never used. In this case, the parties agreed as follows:
4. Alimony. Husband agrees to pay to the Wife the sum of One Thousand Five Hundred ($1,500.00) Dollars per month, commencing upon execution of this Agreement, as and for periodic, rehabilitative alimony until and including September of 1984, or until she dies or remarries, whichever event occurs first. Such payments are to be payable to the Wife on the first day of each and every month during such period.
Wife hereby waives and relinquishes any permanent, temporary or lump sum alimony except as provided herein.
[[Image here]]
14. Representations. The parties represent to each other:
(A) Each party fully understands the facts and has been fully informed as to his or her legal rights and obligations, and each is signing this Agreement freely and voluntarily, intending to be bound by it.
(B) Each has made a full disclosure to the other of his or her current financial conditions.
(C) Each understands and agrees that this Agreement constitutes the entire contract of the parties, and that it supersedes any prior understandings oí; agreements between them upon the subjects covered herein, and there are no representations or warranties other than as set forth herein.
(D) Each has been fully informed of the law of Florida with respect to the power of the Court, under certain conditions, to modify the terms of this Agreement, particularly with respect to matters of Child Support and Custody-
(E) Each has had independent legal counsel of his or her own choosing in *1157 connection with the negotiation and execution of this Agreement.
See also, upon the right to seek modification, Woodworth v. Woodworth, 385 So.2d 1024, 1025 (Fla. 4th DCA 1980).
In Bassett v. Bassett, 464 So.2d 1203, 1205 (Fla. 3d DCA 1985) the court stated that an effective waiver of the right to modification arises when the waiver is express or the interpretation of the agreement can lead to no other conclusion. In the present case, the only language relating to waiver refers to permanent, temporary or lump sum alimony, and that is qualified by the phrase “except as provided herein.” There is no express waiver of the modification of rehabilitative alimony. It is clear that the parties intended to leave the door open to modification of the rehabilitative alimony in appropriate circumstances. Whether they also intended to leave open the possibility of converting the rehabilitative alimony to permanent alimony is not so readily ascertainable. The latter matter, we think the trial court is in a better position than we to determine, by examining not merely the language of the agreement, but also the surrounding circumstances and the parties’ purpose at the time they entered into the agreement. Further, looking at paragraph 14(D) of the agreement, the lawyers involved in its preparation surely knew the courthouse door is to remain open for children, notwithstanding agreements of parents which provide for them.
DOWNEY and GUNTHER, JJ„ concur.