STONE, Judge,
This is an appeal from a final judgment denying the wife’s petition for modification of alimony and child support. The wife claimed a change in circumstances based on the husband’s increased income and the failure of her effort at rehabilitation. The original dissolution judgment incorporated the terms of a property settlement agreement which provided for child support and rehabilitative alimony.
With respect to the alimony claim, the appellant has failed to show an abuse of discretion. We therefore affirm. Marcoux v. Marcoux, 464 So.2d 542 (Fla.1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). See also Schottenstein v. Schottenstein, 384 So.2d 933 (Fla. 3d DCA), rev. denied, 392 So.2d 1378 (Fla.1980) (where wife seeks modification of amount of rehabilitative alimony set by separation agreement, appellate court cannot substitute judgment for that of trial court in absence of abuse of discretion). Appellant correctly notes that the trial judge erred in opining that the wife did not have a right to seek modification. See Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1982); Woodworth v. Woodworth, 385 So.2d 1024 (Fla. 4th DCA), rev. denied, 392 So.2d 1381 (Fla.1980); Hyotlaine v. Hyotlaine, 356 So.2d 1319 (Fla. 4th DCA 1978); Boyd v. Boyd, 478 So.2d 356 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 67 (Fla.1986). Nevertheless, the trial judge clearly established by a finding of fact that the wife had failed to be rehabilitated due to her own lack of diligence and by her own independent choice. But cf. Wolfe v. Wolfe (appellant made diligent efforts to secure a job both in and out of her chosen field); Veach v. Veach, 407 So.2d 308 (Fla. 4th DCA *1109 1981) (wife suffered from continuing severe emotional and psychological problems which made her incapable of finding sustained employment).
The trial judge did not make separate findings with respect to the claim for modification of child support. We therefore accept that it was denied on the same grounds as the petition for modification of alimony, in spite of substantial evidence of the husband’s increased ability to pay and some evidence of increased need. This court has recently, and en banc, addressed the issue of the standards to be applied in a petition for modification of child support, even where the original support is agreed to as part of a property settlement agreement. See Bernstein v. Bernstein, 498 So.2d 1270 (Fla. 4th DCA 1986). The petition is to be considered without regard to the heavier burden faced when seeking modification of other aspects of an agreement. Bernstein; Wortzel v. Wortzel, 489 So.2d 1155 (Fla. 4th DCA 1986); Wanstall v. Wanstall, 427 So.2d 353 (Fla. 5th DCA 1983). In light of the evidence submitted by the wife in support of an increase in child support, the trial court erred in denying this claim.
With respect to the issue of attorney’s fees below and on appeal, we conclude that the wife is entitled to recovery of those fees allowable pro rata as to the issue of child support.
We therefore affirm in part, reverse in part, and remand for a final hearing on modification of child support based on a change in circumstances as to need and ability to pay.
DELL and GUNTHER, JJ„ concur.