FERGUSON, Judge.
The appellant, ex-husband, sought modification of a “Marital Settlement Agreement” to reduce his alimony obligations based on an alleged substantial reduction of income. The court denied the petition for modification on a finding that the settlement was non-modifiable. We reverse on authority of Boyd v. Boyd, 478 So.2d 356 (Fla. 3d DCA 1985), review denied, 488 So.2d 67 (Fla. 1986).
As to alimony the agreement provides:
18. ALIMONY. As settlement of all claims the wife may have for temporary and permanent alimony, the husband shall pay her the lump sum of $75,900.00, payable in 132 monthly installments of $575.00 on the first of each month beginning October 1, 1981 and continuing without interest until paid in full or until the wife remarries.
In Boyd we considered a similar provision and held:
By definition, “lump sum alimony” is a fixed and certain amount, the right to which is vested in the recipient and which is not therefore subject to increase, reduction, or termination in the event of any contingency, specifically including those of death or remarriage. Accordingly, and by token of the same definition, the fact that the payments upon which the Boyds agreed would have ceased if the wife either died or remarried necessarily means that the provision cannot be one of “lump sum alimony.”
Boyd, 478 So.2d at 357 (citations omitted).
We have examined the agreement as a whole and find nothing to support the ex-wife’s contention that the alimony provision was otherwise intended as a non-modifiable property settlement agreement. The parties did not expressly contract for a non-modifiable alimony provision. Compare Bassett v. Bassett, 464 So.2d 1203 (Fla. 3d DCA 1984), review denied, 476 So.2d 672 (Fla.1985). Nor did the ex-wife bargain away her interest in the husband’s property or in jointly held property in exchange for support. Compare Salomon v. Salomon, 196 So.2d 111 (Fla.1967); Karch v. Karch, 445 So.2d 1077 (Fla. 3d DCA 1984): Shaw v. Shaw, 448 So.2d 631 (Fla. 4th DCA 1984). By the terms of the settlement the wife received title to the marital home, fifty percent of the other realty owned by the parties, an interest in the husband’s pension, and the benefits of two life insurance policies on the husband’s life which he is obligated to maintain.
The alimony provision, however, specifically provides that the payments made thereunder are in “settlement of all claims the wife may have for temporary and per *1027 manent alimony” and that the periodic alimony payments will terminate if the wife remarries. It is not agreed that alimony is given in exchange for any rights the wife might have in the marital property. The alimony provision, being devoid of any indicia that it was part of a true property settlement agreement, was subject to modification pursuant to section 61.14, Florida Statutes (1985). See Pujáis v. Pujáis, 414 So.2d 228 (Fla. 3d DCA 1982); Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1982).
Reversed and remanded for further consistent proceedings.