522 So.2d 1065 (1988)
Mary Virginia LAURENZO, Appellant,
v.
Achilles Michael LAURENZO, Appellee.
No. 87-1855.
District Court of Appeal of Florida, Third District.
April 12, 1988.
Genet & Milner and Donald G. Criscuolo, North Miami Beach, for appellant.
George J. Blutstein, North Miami Beach, for appellee.
Before BASKIN and DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
This is an appeal from a final judgment ordering a modification of alimony payments.
The parties were divorced in 1970 after twenty years of marriage. At the time of the divorce, Mr. Laurenzo earned approximately $7,800 per year from a food market he owned and operated. During the marriage the wife had remained at home raising the parties' minor children. The final judgment of dissolution ordered the husband to pay $350 per month in alimony and provided that the wife's medical insurance and medical expenses were to be paid by the husband.
After the divorce Mr. Laurenzo's income and net worth increased dramatically; he *1066 currently earns $75,000 per year and has a net worth exceeding $1.4 million. In marked contrast to Mr. Laurenzo's financial success, Mrs. Laurenzo experienced a reduced standard of living her unable to meet ordinary living expenses. To supplement her alimony, Mrs. Laurenzo cleaned a neighbor's house for $100 per week and ate leftover prepared meals that her daughter brought home from Mr. Laurenzo's market. As Mrs. Laurenzo's health declined, her medical expenses mounted. Mr. Laurenzo failed to pay the medical expenses as ordered by the judgment dissolving the marriage. Sixteen years after the divorce, Mrs. Laurenzo petitioned for a modification of alimony and for an order compelling Mr. Laurenzo to pay past and future medical expenses. Mr. Laurenzo counter-petitioned seeking to terminate the award of permanent alimony.
In support of the petition to modify alimony, Mrs. Laurenzo submitted a financial affidavit showing a need of $1,700 per month. The trial court increased the alimony obligation to $800 per month and ruled that Mr. Laurenzo is no longer obligated to pay Mrs. Laurenzo's medical expenses and insurance.
On appeal the appellant contends that where the trial court made a finding of fact that Mrs. Laurenzo's needs have increased and that Mr. Laurenzo has the ability to pay the increased need, it was error to deny an award of alimony sufficient to meet those needs. Furthermore, the appellant argues, under the order requiring her to pay her own medical expenses she is actually no better off now than she was before the modification up to $800 per month. We agree that the trial court erred in making an award insufficient to meet the former wife's needs where the former husband clearly has the ability to meet those needs.
A petition for modification of alimony may not be denied where a change in circumstances is clearly shown. Chord v. Chord, 209 So.2d 281 (Fla. 3d DCA 1968); § 61.14 Fla. Stat. (1987). Mrs. Laurenzo has demonstrated a substantial change in circumstances in both her needs and her former husband's ability to pay.
The receiving spouse's needs and the paying spouse's ability to provide for those needs are still the most important factors in making an award of permanent alimony. Gosline v. Gosline, 435 So.2d 413 (Fla. 5th DCA 1983). See also Gallant v. Gallant, 468 So.2d 479 (Fla. 2d DCA 1985). Because the former wife's modestly stated needs are $1,700, and the husband's substantial assets are sufficient to meet those needs, the modification, which is inadequate to satisfy those specific needs, must be reversed. Stone v. Stone, 462 So.2d 838 (Fla. 5th DCA 1985) (modification increasing alimony to only $150 per week requires reversal where former husband has the ability to meet former wife's stated needs of $335 per week).
The final order is reversed with instructions to grant the former wife alimony in the amount of $1,700 per month in accordance with her statement of needs. Mrs. Laurenzo is responsible for paying her own medical expenses and insurance from that amount. That part of the final order requiring the former husband to pay Mrs. Laurenzo's past medical expenses and insurance is affirmed.
Affirmed in part; reversed in part; and remanded for proceedings consistent with this opinion.