LETTS, Judge.
The ex-wife appeals the dismissal of her petition for modification of alimony. We reverse.
Involved here is a twenty-seven year marriage and five children. The parties entered into an agreement, incorporated by reference in the final judgment, which provided, among other things, for alimony and support. The ex-wife seeks modification of the alimony and support. The trial judge found the ex-wife had not *1108 presented sufficient allegations of a change in circumstances. We disagree.
The petition for modification alleged that:
1. The Husband/Appellee’s income has doubled.
2. The Wife/Appellant has been ruled totally and permanently disabled.
3. The Wife/Appellant had been receiving $45.00 per week in workman’s compensation which is now zero.
4. The minor children who had been residing with the Wife/Appellant have reached the age of majority which has reduced income available to pay housing and other fixed expenses.
5. The Wife/Appellant has been hospitalized for unforeseen medical conditions which consumed over 50 per cent of her remaining assets; and
6. The real value of alimony ordered in 1978 had decreased by almost 50 per cent due to cost of living increases.
Perhaps no one of the above, standing alone, would allege a sufficient change in circumstances. Smith v. Smith, 458 So.2d 318 (Fla. 4th DCA 1984). However, their sum so overwhelmingly alleges a change that we feel justified in reversing the dismissal without further comment or citation.
A second aspect of the trial judge’s order, which must be addressed, is his finding that the original settlement agreement precluded any later petition to modify. Again, we disagree.
There is no suggestion that the periodic alimony was an integral part of a property settlement agreement and we quote with approval from Hendricks v. Hendricks, 515 So.2d 1025, 1025-1026 (Fla. 3d DCA 1987) as follows:
The alimony provision, however, specifically provides that the payments made thereunder are in “settlement of all claims the wife may have for temporary and permanent alimony” and that the periodic alimony payments will terminate if the wife remarries. It is not agreed that alimony is given in exchange for any rights the wife might have in the marital property. The alimony provision, being devoid of any indicia that it was part of a true property settlement agreement, was subject to modification pursuant to section 61.14, Florida Statutes (1985). See Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982); Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1982).
As a consequence, we reverse the trial judge’s order and remand for further proceedings in accordance herewith.
REVERSED AND REMANDED.
ANSTEAD and WALDEN, JJ„ concur.