PER CURIAM.
The husband appeals from orders of the trial court granting the wife’s motion for summary judgment and ordering the husband to execute documents necessary to transfer ownership of certain insurance policies. We affirm.
On August 23, 1979, a Final Judgment For Dissolution Of Marriage was entered between Gloria and Stanley Scholem. The final judgment incorporated an agreed property settlement. The relevant portion of the settlement agreement required that the husband make his wife and the couple’s minor child “irrevocable beneficiaries and owners” of certain life insurance policies. The agreement further provided that the husband agreed to “execute any and all documents which may be required by the insurance companies to meet with the provisions of this agreement.” Contrary to the agreement, the husband never executed the necessary documents to transfer ownership of the life insurance policies.
On October 31, 1991, the husband filed a Petition For Modification of Final Judgment wherein he attempted to obtain relief from the provision in the settlement agreement which required that he transfer ownership of the life insurance policies. On November 13, 1992, the wife filed her motion for summary judgment which the trial court granted. On April 5, 1993, the trial court ordered the husband to execute the necessary documents for transfer of the policies. The husband appeals.
The trial court properly granted summary judgment and ordered the husband to transfer the policies. “Where ah agreement purports to resolve the property lights of the parties, its provisions are to be interpreted in the same manner as any other contract.” Karch v. Karch, 445 So.2d 1077,1078 (Fla. 3d DCA 1984). As in Karch, the property settlement agreement under review was a freely bargained exchange of valuable property rights, with both parties represented by counsel. The parties created a true property settlement agreement which is not subject to modification. Id,.; Salomon v. Salomon, 196 So.2d 111, 112 (Fla.1967). The trial court properly granted the wife’s motion for sum *247 mary judgment and properly ordered the husband to execute the necessary transfer documents.
Affirmed.