695 So.2d 439 (1997)
Bonnie G. KIDD, Appellant/Cross-Appellee,
v.
Richard KIDD, Appellee/Cross-Appellant.
Nos. 95-3001, 96-0828.
District Court of Appeal of Florida, Fourth District.
May 28, 1997.
Rehearing and Certification Denied July 3, 1997.
Edna L. Caruso of Caruso, Burlington, Bohn & Compiani, P.A., West Palm Beach, for appellant/cross-appellee.
Robert L. Bogen of Law Offices of Alan Jay Braverman, P.A., Boca Raton, for appellee/cross-appellant..
DELL, Judge.
In these consolidated appeals, Bonnie G. Kidd appeals the trial court's dismissal of her petition to modify, extend and convert alimony to permanent periodic alimony, and its order awarding appellee attorney's fees and a setoff of the fees from appellant's alimony.
*440 Appellee cross-appeals the $350.00 per month setoff as inadequate. We reverse the dismissal of appellant's petition and remand to the trial court to determine the merits of the petition. We also reverse the award of attorney's fees. The setoff issue is therefore moot.
On August 22, 1986, after nine years of marriage and a one year separation, the parties entered into a marital settlement agreement. The agreement provided that appellee pay a specific sum of monthly alimony for ten years. However, it did not specify whether the parties intended the payment as lump sum, rehabilitative, or permanent periodic alimony. In pertinent part, the agreement provided as follows:
1. The Husband shall pay to the Wife beginning on September 1, 1986, and on the first day of each and every month thereafter, the sum of $3,000 per month for 120 months, (10 years).
2. The Husband's obligation for these alimony payments to the Wife will cease upon the Wife's demise or remarriage. Alimony payments will cease upon the Husband's death only if the insurance required under Article IV [of the separation agreement] is in full force and effect.
Appellee agreed to obtain and maintain a decreasing term life insurance policy having a face value of $360,000.00 as security for the payments of alimony during the ten year period. Also, appellant received a car, her jewelry, and an unencumbered condominium. Appellee received the marital home and various items of personal property. The agreement provided for the award of attorney's fees and costs to the prevailing party at both the trial and appellate levels should either party seek to enforce the agreement.
At an evidentiary hearing, appellee testified that he deducted the payments from his income taxes. Appellant testified that she paid income tax on the payments.
Appellant contends the trial court erred when it concluded the alimony provision in the agreement was part of the property settlement and therefore non-modifiable. We agree.
The intent and meaning of an agreement should be determined from the language in the agreement. Farkas v. Farkas, 426 So.2d 1213, 1215 (Fla. 4th DCA 1983). When examining a clause awarding alimony, no matter what label is given to the award, "its legal effect is determined not by what it is called, but by what it does." Boyd v. Boyd, 478 So.2d 356, 357 (Fla. 3d DCA 1985) (citing Underwood v. Underwood, 64 So.2d 281 (Fla.1953); Karch v. Karch, 445 So.2d 1077 (Fla. 3d DCA 1984); Zuccarello v. Zuccarello, 429 So.2d 68 (Fla. 3d DCA 1983)). We hold the separation agreement is modifiable because death or remarriage terminates the appellee's obligation to pay alimony and the parties treated the payments as support for income tax purposes.
In Boyd, the parties entered an agreement that required the husband to pay the wife "Lump Sum Alimony" provided the wife had not remarried or died in the interim. Boyd, 478 So.2d at 357. In holding that the alimony provision was subject to modification, the court stated that "lump sum alimony is a fixed and certain amount, the right to which is vested in the recipient and which is not therefore subject to increase, reduction, or termination in the event of any contingency, specifically including those of death or remarriage." Id. Because the periodic payments in Boyd were subject to change, they were not considered lump sum alimony. Id. In this case, like in Boyd, the settlement agreement specifically provided for termination upon appellant's death or remarriage.
Further, in Wolfe v. Wolfe, 424 So.2d 32 (Fla. 4th DCA 1982), after the husband had deducted payments of "alimony" on his income tax returns for years, he claimed the agreement providing payment to his wife was a true property settlement and could not be modified. Id. However, this court stated that "[t]he deduction by [the husband] of the payments was permissible only if the payments were alimony and not part of a property settlement agreement." Id. at 34 (citing Hyotlaine v. Hyotlaine, 356 So.2d 1319 (Fla. 4th DCA 1978)). This court concluded that the payments were alimony and subject to modification because he deducted the payments for income tax purposes. Id. Here, *441 as in Wolfe, appellee admitted that he deducted the payments made to appellant from his income taxes as alimony.
Accordingly, we hold the trial court erred in dismissing appellant's petition to modify, extend and convert alimony to permanent periodic alimony. This holding compels us to reverse the award of attorney's fees to appellee. The issue of setoff of attorney's fees is therefore moot. We reverse and remand with instructions to determine the merits of appellant's petition.
REVERSED and REMANDED.
SHAHOOD, J., and COLBATH, WALTER N., Jr., Associate Judge, concur.