743 So.2d 1163 (1999)
Peter CLEARY, Appellant,
v.
Constance CLEARY, Appellee.
No. 98-1945.
District Court of Appeal of Florida, Fifth District.
October 22, 1999.
*1164 Gary Shader, Maitland, for Appellant.
David L. Thomas, DeLand, for Appellee.
THOMPSON, J.
Peter Cleary, the former husband, appeals an order increasing an alimony award to his former wife, Constance Cleary.
The Clearys divorced in April 1992 after 20 years of marriage. In November 1997, the former wife petitioned for an upward modification of alimony on the ground that she was of retirement age and was compelled by health problems to retire. She further stated that the former husband's income had increased. The former wife, a school district clerical worker, testified that she suffered from osteoarthritis, that she had developed calcium spurs in the second and third vertebrae of her neck, and that she could no longer perform her job because of these conditions. She testified that she was in constant pain and could not sit at a desk for the periods necessary to do typing, computer work, and other clerical duties. She also asserted she would not receive her share of the former husband's pension until he retired, which was problematic because he was eight years her junior and had no mandatory retirement age. Her retirement date would be 8 May 1998, but she would not turn 65 until September 1998. Retiring would decrease her net monthly income from $1,450.18 to $762.24, while her monthly expenses of $1,620 would increase by $185 to cover health insurance premiums for four months until she turned 65. She testified she was not qualified to do anything other than clerical work and had not sought other types of employment, within the school district or otherwise, which would not require her to sit for long periods.
The trial court found a substantial change in circumstances and required the former husband, an employee of the United States Postal Service, to pay an additional $600, or $800 total, monthly alimony beginning 15 June 1998. The court also noted that the former husband had the ability to pay and could petition for a downward modification when he retires and the former wife begins receiving her share of his monthly pension.
The law is settled in Florida that the test for a modification of a judgment for alimony is that the payee spouse must demonstrate a material or substantial change of circumstances since the entry of the judgment. Bassett v. Bassett, 571 So.2d 532 (Fla. 1st DCA 1990); Mitchell v. Mitchell, 536 So.2d 1107 (Fla. 4th DCA 1988); Laurenzo v. Laurenzo, 522 So.2d 1065 (Fla.1988). In Laurenzo, the court affirmed an increase in alimony 16 years after entry of the judgment based on the payee spouse's increased needs due to poor health, and payor spouse's ability to meet those needs. In the instant case, the issue is whether retirement of the former wife for health reasons is sufficient to show a substantial change of circumstances. We think it is.
In Pimm v. Pimm, 601 So.2d 534 (Fla.1992), a case involving the retirement of the payor spouse, the supreme court held that retirement, if reasonable, can support a finding of a substantial change in circumstances. The court stated further that "[t]he age of sixty-five years has become the traditional and presumptive age of retirement for American workers," and that "one would have a significant burden to show that a voluntary retirement before the age of sixty-five is reasonable." Id. at 537. The reasonableness of the voluntary retirement depends on "the payor's age, health, and motivation for retirement, as well as the type of work the payor performs and the age at which others engaged in that line of work normally retire." Id. Although Pimm involved the retirement of the payor spouse, we think the reasonableness standard applies when the retirement of the payee spouse is in issue. Further, the former wife in this case satisfied the standard in Pimm. She had effectively reached normal retirement age at the time of the modification hearing, and she retired because her physical condition *1165 made her unable to perform her job. Moreover, it is apparent that she will continue to suffer from osteoarthritis and the calcium spurs in her vertebrae.
Other jurisdictions have also held the needs of a payee spouse which have increased because of an illness or deteriorating physical condition may support an increase in alimony. Schaff v. Schaff, 449 N.W.2d 570 (N.D.1989); Cranford v. Cranford, 772 S.W.2d 48 (Tenn.App.1989). Again, the test is whether the payee spouse has shown a need and the payor spouse's ability to pay. Schaff; Cranford.
The instant case is distinguished from Wiedman v. Wiedman, 610 So.2d 681 (Fla. 5th DCA 1992), relied upon by the former husband, where the payee spouse admitted that he was physically capable of working. Here, the former wife's physical condition prevents her from performing jobs which would require sitting for long periods, and she is only qualified for clerical jobs. Having found no abuse of discretion, see Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), we affirm the order of modification.
AFFIRMED.
ANTOON, C.J., and W. SHARP, J., concur.