WHATLEY, Judge.
Marilyn Morgan, the former wife, appeals an order denying her supplemental counterpetition, which requested an increase in permanent alimony and collateral for the alimony award. We affirm without comment the denial of the request for an increase in alimony, but we reverse the portion of the order that failed to provide collateral for the alimony award.
On August 13, 1997, a final judgment of dissolution of marriage was entered which incorporated an agreement between the parties. The agreement provided that Michael Morgan, the former husband, would obtain, pay the premium for, and keep in effect a term life insurance policy. The agreement further provided that the former wife would be named as the irrevocable beneficiary of the policy as long as she is eligible for alimony payments.
In the order denying the former wife’s supplemental counterpetition, the circuit court found that the parties obtained a term life insurance policy that will expire on November 4, 2004, and that the policy may not be renewed or extended according to its terms. The court also found it unlikely that the former husband would be able to replace the existing term policy because he has been diagnosed with Alzheimer’s disease. Prior to the diagnosis, an initial inquiry by the former wife indicated that the term life insurance policy could be converted into a permanent policy for an additional $500 per month, which the former wife was willing to pay. The former husband refused to convert the policy into a permanent life insurance policy.
The circuit court further found that the former husband’s conduct constituted an anticipatory breach of the parties’ agreement and that it was more likely than not *270 that the former husband would find a way to place his assets beyond the reach of his former wife as a potential creditor of his estate. However, the court failed to order the former husband to provide other security for the alimony award. This was error.
The former husband agreed, and the final judgment ordered, that he would maintain a life insurance policy as security for the alimony award. Because the former husband is no longer insurable, realistically, the only viable remedy would be for the circuit court to order the former husband to provide other security for the alimony award. See Hyotlaine v. Hyotlaine, 356 So.2d 1319 (Fla. 4th DCA 1978) (noting other possible means to secure alimony award). We therefore reverse and remand for the circuit court to order the former husband to provide other security for the alimony award. As previously noted, the denial of the former wife’s request to increase alimony is affirmed.
Affirmed in part; reversed and remanded in part.
KELLY, J., and THREADGILL, EDWARD F., Senior Judge, Concur.