PER CURIAM.
The former husband appeals, and the former wife cross-appeals, the trial court’s Third Amended Final Judgment of Dissolution of Marriage. We reverse the trial court’s decision declining to characterize the payments to the former wife in the parties’ post-reconciliation marital settlement agreement (“MSA”) for federal tax purposes, and we remand for the trial court to make a ruling on that issue and amend the final judgment. In all other respects, we affirm the Third Amended Final Judgment.
*632 The parties’ MSA, under a provision titled “Lump Sum Alimony and Equitable Distribution,” requires the former husband to pay the former wife one-half of his salary after payment of child support for ten years, to be followed by yearly payments of $10,000.[1] The former husband and the former wife agreed that the provision would be non-modifíable. The MSA is silent as to whether these payments would be deductible by the former husband, or includible in the income of the former wife.
“The usual treatment of alimony is to make the alimony taxable to the recipient and deductible by the payer.” Rykiel v. Rykiel, 838 So.2d 508, 510 (Fla.2003) (citation omitted). However, payments are not deductible by the payer as alimony if they are “part of a property settlement agreement.” Hyotlaine v. Hyotlaine, 356 So.2d 1319, 1321 (Fla. 4th DCA 1978). Lump sum alimony “is a fixed and certain amount, the right to which is vested in the recipient and which is not therefore subject to increase, reduction, or termination in the event of any contingency, specifically including those of death or remarriage.” Boyd v. Boyd, 478 So.2d 356, 357 (Fla. 3d DCA 1985). If the payments qualify as lump sum alimony, they remain payable to the former wife’s estate in the event of her death, and consequently, generally will not be deductible by the former husband under the relevant Internal Revenue Code provisions. Rood v. Comm’r, T.C. Memo. 2012-122, 2012 WL 1435009 (U.S.Tax Ct. Apr.25, 2012); Sharp v. Comm’r, T.C. Summ. Op.2004-27, 2004 WL 440429 (U.S.Tax Ct. Mar.11, 2004).
In the present case, the opinions of the parties’ accountants conflicted as to whether the former husband could deduct the payments. The trial court stated that “the better part of discretion [was] to do nothing” and expressly “decline[d] to characterize the payments for federal tax purposes, subject to any future ruling by the Internal Revenue Service or the Tax Courts.” We find that this was error, and we direct the trial court to amend its final judgment to indicate whether or not the payments shall be deductible by the former husband and taxable to the former wife, after analyzing the pertinent provisions of the MSA.[2]

Affirmed in part; reversed in part; and remanded.

TAYLOR, LEVINE, and KLINGENSMITH, JJ„ concur.

. We note that in Kuchera v. Kuchera, 983 So.2d 776, 781 (Fla. 4th DCA 2008), this court read the provision as requiring the former husband, for the first ten years, to pay "half of his net after child support” and described the arrangement as "an equal sharing of income.”

. We recognize that the non-modifiability of the payments generally suggests that they are not deductible by the former husband for income tax purposes. See, e.g., Kidd v. Kidd, 695 So.2d 439 (Fla. 4th DCA 1997). However, because the trial court did not rule on this issue, we decline to determine whether the payments are deductible by the former husband.